## McNEALY v. JOHNSTON, Warden.
### No. 8817.

Circuit Court of Appeals, Ninth Circuit.
Dec. 8, 1938.

James McNealy, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the United States District Court for the North-

ern District of California denying appellant's petition for a writ of habeas corpus.

On December 13, 1933, an indictment was returned in the United States District Court in and for the Southern District of Florida against appellant, and others, charging them with the commission of certain alleged offenses set up in three counts in the indictment.

Appellant pleaded guilty to the first and second counts of the indictment, and on December 20, 1933, was sentenced to a term of five years on count one and five years on count two, said sentences to run consecutively, or for a total of ten years. Appellant commenced the serving of sentence on December 20, 1933.

It further appears that on September 14, 1933, an indictment containing five counts was returned in the United States District Court for the Southern District of Alabama, *Southern Division,* against appellant.

On January 15, 1934, in the United States District Court for the Southern District of Alabama, *Northern Division,* appellant pleaded guilty to all counts of the Alabama indictment, and on January 15, 1934, was sentenced in such court to a term of three years, to commence "at the expiration of the sentence he is now serving for the Southern District of Florida".

Appellant contends that the first count of the Florida indictment is void in that it does not charge an offense against the laws of the United States, and, therefore, that the five year sentence imposed thereon is invalid. Appellant further contends that the sentence imposed by the Alabama court is void for two reasons: first, because the plea to the indictment and sentence imposed thereon took place in the *Northern* Division of the United States District Court for the Southern District of Alabama, whereas the offense was committed and the indictment was returned in the *Southern* Division of the United States District Court for the Southern District of Alabama; and, second, because the sentence of three years to commence after the expiration of another sentence lacks certainty and is ambiguous for other reasons.

Appellant concedes that the second count of the Florida indictment, and the sentence imposed thereunder, are valid. However, appellant contends that he has served this sentence, after having been given credit of eight days per month, or 480 days, for good conduct as provided for by 18 U.S.C.A. § 710, and a further credit of 32 days which he claims is allowable for "Industrial good time allowed and awarded for services performed in the Federal Prison Industries, Inc., at Alcatraz, Calif." His contention is that the first count of the Florida indictment being invalid, his sentence on the second count started on December 20, 1933, the date of his original sentence and commitment. He further contends that the Alabama sentence is invalid, and that therefore he is being unlawfully detained in prison.

On January 9, 1938, appellant petitioned the Southern Division of the United States District Court, Northern District of California, for a writ of habeas corpus, which was denied on January 12, 1938, on the ground that it was prematurely brought, the court holding that the Alabama sentence was valid, and, therefore, that appellant must serve the three year sentence fixed for the crimes committed in Alabama before questioning his detention under the first count of the Florida indictment.

We are faced with this question: Must the Alabama sentence, if valid, be served before the appellant can question by habeas corpus the first count of the Florida indictment?

The function of the writ of habeas corpus is to determine whether or not the prisoner is entitled to immediate release, and not to secure the judicial decision of a question which, even if determined in the prisoner's favor, could not result in his immediate release. McNally v. Hill, Warden, 293 U.S. 131, 136, 55 S.Ct. 24, 79 L.Ed. 238. We therefore conclude that if the sentence imposed by the Alabama Court is valid, the appellant must serve that sentence before he can raise the question of the validity of the first count of the Florida indictment.

It is next necessary to determine the validity of the sentence imposed by the Alabama court. Appellant first challenges the jurisdiction of the court to impose the sentence.

The offense charged in the Alabama indictment was committed and the indictment was returned in the *Southern Division* of the United States District Court for the Southern District of Alabama. The appellant pleaded guilty before the *Northern Division* of the United States District Court for the Southern District of Alabama, and the sentence now in question was imposed by that court.

Appellant contends that the Northern Division of the United States District Court for the Southern District of Alabama was without jurisdiction, and therefore that the sentence imposed by it is void. His first contention is that under Article 3, Section 2 of the United States Constitution, and under the Sixth Amendment, U.S.C.A.Const. art. 3, § 2, and Amend. 6, the trial is required to be had where the crime shall have been committed.

■ It should be noted, however, that the constitutional provisions relate only to the "state and district" where the offense is committed. There is no constitutional prohibition against the trial being had in a division of the district other than the division in which the offense was committed.

U.S.C.A., Title 28, Ch. 4, § 114 provides, in part: "* * * All prosecutions for crimes or offenses shall be had within the division of such districts where the same were committed, unless the court, or the judge thereof, upon the application of the defendant, shall order the cause to be transferred for prosecution to another division of the district. * * *"

In Silverberg v. U. S., 5 Cir., 1925, 4 F.2d 908, certiorari denied, 1925, 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168, the court pointed out that this was a matter merely of venue, purely personal to the defendant, and was waived by failure of the defendant to raise the question before the jury was impaneled, and by proceeding to trial on pleas of not guilty.

■ Any right that the appellant may have had to trial in the Southern Division of the United States District Court for the Southern District of Alabama were waived by his plea of guilty before the Northern Division of that District.

The sentence of the United States District Court for the Southern District of Alabama, Northern Division, reads, "It is, therefore, ordered and adjudged by the Court that James McNeeley alias James McNealy be, and he is sentenced to imprisonment in the Atlanta Penitentiary for a period of Three (3) years, the serving of said sentence to begin at the expiration of the sentence he is now serving for the Southern District of Florida." .

Appellant contends that this sentence is void in that it cannot be ascertained therefrom when the sentence is to start.

■ It has often been held by the courts that when two or more sentences are imposed against the same person to imprisonment in the same institution, or the same type of institution, the presumption is that they are to be served concurrently rather than consecutively, unless the contrary clearly appears. Any reasonable doubt or ambiguity on that point is resolved in favor of the defendant. On the other hand, a judgment must be reasonably construed in accordance with the intent of the trial court, if the language discloses such intent clearly and without doubt or obscurity.

In United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309, the Supreme Court said [page 157], "Sentences in criminal cases should reveal *with fair certainty* the intent of the court and exclude any serious misapprehensions by those who must execute them. *The elimination of every possible doubt cannot be demanded.*" (Italics supplied.)

■ We think there is no serious uncertainty in the language of the trial court, "the serving of said sentence to begin at the expiration of the sentence he is now serving for the Southern District of Florida". We therefore hold that the sentence imposed by the Alabama court is valid.

■ If the first count of the Florida indictment is valid, then the phrase of the Alabama court "at the expiration of the sentence he is now serving" may apply only to it, and it may be that the Alabama sentence and the sentence under the second count of the Florida indictment are running concurrently. (We do not mean to intimate that we have come to such a conclusion.) If the sentence under the first count of the Florida indictment is invalid, then the appellant is deemed to have been confined on the sentence of the second count [Blitz v. United States, 153 U. S. 308, 318, 14 S.Ct. 924, 38 L.Ed. 725], and the above phrase of the Alabama court applies to it. Under any construction, the least possible sentence which the defendant must serve is five years under the second Florida count, and three years thereafter under the Alabama sentence, or a total of eight years. Assuming that the appellant is entitled to his good conduct credit of eight days per month as provided for in 18 U.S.C.A. § 710, and the additional 32 day credit to which he claims he is entitled, a very simple mathematical computation would demonstrate that his term of sentence has not yet expired.

The order of the trial court is affirmed.