## UNITED STATES ex rel. HURWITZ v. ALEXANDER, Warden.

### No. 334.

Circuit Court of Appeals, Second Circuit.

Aug. 20, 1945.

David P. Siegel, of New York City (David P. Siegel and Hyman I. Luster, both of New York City, on the brief), for appellant.

Robert P. Butler, U. S. Atty., of Hartford, Conn., and Thomas J. Dodd, Sp. Asst. to Atty. Gen., for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The relator was convicted in the District Court for the Eastern District of New

York on his plea of guilty to one count of an indictment charging him with violation of 18 U.S.C.A. §§ 80 and 550 in that he made false statements in an application for a loan from the Federal Housing Administration. He was sentenced on April 8, 1943, to imprisonment for two years and six months, and was committed on the same day.

The term of court during which he was sentenced having been duly extended, on December 15, 1943, the relator moved the court to resentence him to imprisonment for the period limited to the time which he had already served. The motion was heard on January 19, 1944, and on January 27 the judge entered an order vacating and setting aside the sentence previously imposed and sentencing the relator to imprisonment for five months, the term to "commence as of today."

In February 1944 the relator was transferred to the Federal Correctional Institution at Danbury in the District of Connecticut. In April 1944 he filed a petition for a writ of habeas corpus in the District Court for that district alleging that the new sentence was void because it deprived him of the right to apply for parole on February 8, 1944, and hence operated to increase the sentence originally imposed. He alleged further that the time served by him under the original sentence and the five months of the second sentence were to be regarded as a single sentence of such length that credit earned by the relator for good behavior entitled him to an immediate release. The application for the writ was granted, but after hearing, the writ was dismissed and the relator was released on bail pending appeal. This appeal is from that order.

On the original sentence of thirty months the appellant would have been entitled under 18 U.S.C.A. § 710 to a credit for good conduct, if and when earned, of six days for each month. He contended below that the new sentence, which was itself too short to make the statute applicable to it alone, should be added to the original sentence for the purpose of estimating his good conduct credit and that the whole credit thus ascertained should be deducted from the five months' sentence. In so doing he relied on a provision in the statute that "When a prisoner has two or more sentences, the aggregate of his several sentences shall be the basis upon which his deduction shall be estimated." He no longer makes any such claim and, as it is clear that the aggregate of the two sentences cannot be made the basis of the estimate since the first sentence was vacated before the second was imposed, we need not spend any time on that point. See, Fitzgerald v. Sanford, 5 Cir., 145 F.2d 228.

The two issues on this appeal are (1) whether the second sentence is void because it increased the first, and (2) whether the appellant is entitled to a good conduct credit on the second sentence computed under the statute on the basis of his good conduct during his period of service of the first sentence. That his conduct was good during that time is undisputed.

The appellant was confined under the original sentence, which was in all respects valid, from April 8, 1943, to January 27, 1944, when it was vacated—a period of nine months and nineteen days. Had he continued to serve that sentence and his conduct continued good until February 8, 1944, he would have been eligible to apply for parole as a prisoner who had served one-third of the sentence imposed. 18 U.S.C.A. § 714.

It is argued that the imposition of the new sentence deprived him of this opportunity and by prolonging the time of his actual confinement increased the original. If this argument is sound the second sentence is void. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354. Strictly speaking, it was the vacating of the original sentence which did away with the possibility that the appellant might be paroled upon his application in due course. That application would have been addressed to the discretion of the parole board and the applicant would not have been entitled as a matter of right to favorable action upon it merely upon showing his good conduct while in prison. It cannot be assumed that even if he had been allowed to serve the original sentence until he became eligible to apply for parole his application would have been granted. He could have required the parole board then to give due consideration to his application, McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, but he would have been entitled only to have it exercise its discretion. 18 U.S.C.A. § 716. We cannot assume gratuitously that the board would have exercised it in his favor, and without indulging in such an assumption it cannot be said that the action of the

court in vacating the old sentence and imposing the new one increased the original merely because the appellant lost an opportunity to apply for parole on the first sentence.

All question of the possibility of parole aside, the new sentence of five months did not increase the original sentence. There were still some twenty months of the earlier one to be served, and until the appellant served over fourteen additional months with good conduct he would not become entitled under § 710 to any credit in reduction of his sentence. That credit does not accrue until it has been completely earned. Aderhold v. Perry, 5 Cir., 59 F.2d 379; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, certiorari denied 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405.

Under the new sentence the appellant received much greater benefit than good conduct in serving the first would have given him, for he then had to serve only five additional months instead of about fourteen in order to become entitled to a discharge.

What has already been said also disposes of the appellant's contention that a credit on the original sentence should be applied to the new sentence in reduction of the latter. Regardless of anything else, he is wrong because he has never become entitled to any credit to be applied on anything. As the original sentence was valid, McDonald v. Moinet, 6 Cir., 139 F.2d 939, is distinguishable. It is plain that the court was well within the bounds of a proper exercise of its discretion in requiring the appellant to serve five months from the date of the imposition of the new sentence, and it is equally plain that this was the decision on the appellant's motion. Perhaps the same result could have been achieved by such a modification of the original sentence that with good behavior the appellant could have completed his service of it in five additional months but the court did not so act and the course followed permits no further reduction of the sentence by way of credit for good behavior.

Judgment affirmed.

CLARK, Circuit Judge (concurring in the result).

I concur in the refusal of the writ here because it seems to me that while the changed sentence of the defendant is definitely ambiguous, if not illegal, in the light of 18 U.S.C.A. § 710, yet the remedy is not release, but application to the sentencing court for correction of the sentence. That course, it is now settled, is available even after the close of the term; and, just as on original sentence, an error should not have the effect of allowing the prisoner to go free, but should be corrected. Garrison v. Reeves, 8 Cir., 116 F.2d 978, quoting Bryant v. United States, 8 Cir., 214 F. 51, 53; cf. Waldron v. United States, 6 Cir., 146 F.2d 145; Williams v. United States, 5 Cir., 148 F.2d 923; Miller v. United States, 2 Cir., 147 F.2d 372.

I cannot agree, however, that the new sentence, as formally inscribed, was within the discretion of the trial court. The substance, as well as the obviously intended result, of the change was a single, overall sentence of a certain number of months, somewhat less than the original term, but whose exact duration we can only guess. That substance should control here, not the curious form in which it was embodied. United States v. Weiss, 2 Cir., 150 F.2d 17. Indeed, were we to look at form alone, I am convinced we must hold the attempted second sentence invalid under United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, as taking away the very real and valuable privilege of shortly applying for parole. (That the application might not have been granted does not show the lack of value to the privilege; in truth it was the necessary first step and therefore condition of a parole.) But it is unreal to think of two sentences here for what was only a single confinement. Therefore since it operated to confine the prisoner for more than a year and less than three years, the allowance of six days per month was mandatory for a prisoner "whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment." 18 U.S.C.A. § 710. It is to be noted that the statute operates in terms of actual confinement, not of sentence imposed, and that the sentencing judge has nothing to do with its operation beyond, of course, the fixing of the original sentence. Its purpose is obviously to hold out earnest of reward to the prisoner and to afford a measure of control and discipline to the jailer. These objectives are frustrated by any rule that the judge may substitute a fixed term sentence (not to exceed six months) whenever a longer sentence has been partially served.

For that final period, incentive to the prisoner and control to the jailer are denied, contrary to what seem to me to be the specific terms and the intent of the statute. It is not an answer to say that the judge was thinking in terms of the net further period he wished the defendant to serve; the statute does not permit of that, and the difference is more than formal. Moreover, it is sheer guesswork to say that the judge was doing the requisite mathematics in his head at the time of resentence to arrive at a supposed net sentence from a higher gross in his mind; it is more probable that he gave the matter of good time allowance no more thought than when he entered the original sentence. But since we cannot know from the written word what he was thinking and since he cannot deny the statutory allowance to a part, any more than to the whole, of an entire sentence, I think the matter should be brought back to him for elucidation and correction.