## ZIEBART v. HUNTER, Warden.
### No. 3960.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1949.

George T. Evans, Denver, Colo., for appellant.

Malcolm Miller, Assistant United States Attorney, Topeka, Kan. (Lester Luther, United States Attorney, Topeka, Kan., was, with him on the brief), for appellee.

Before BRATTON and HUXMAN, Circuit Judges, and RICE, District Judge.

BRATTON, Circuit Judge.

The appeal in this case is from a judgment denying a petition for a writ of habeas corpus and remanding appellant to the custody of the warden of the federal penitentiary at Leavenworth, Kansas. No issue of fact is involved. Nine indictments were returned against appellant in the United States Court for Northern Texas. The criminal cases were numbered 1570 to 1578, both inclusive, on the docket of that court; and on October 8, 1937, sentences were imposed in all of the several cases. The sentence in Number 1571 was imprisonment for a term of five years "sentence to date from this date." The sentence in Number 1574 was imprisonment for a term of five years "to serve and not to run concurrently with the sentence imposed on this defendant in cause No. 1571–Cr." The sentence in each of the remaining cases was

imprisonment for a period of one year and one day, "said sentence not to run concurrently with any other sentence this day imposed on this defendant."

It is the contention of appellant that the several sentences were so indefinite and uncertain that they must be construed as running concurrently; that treating them in that manner, appellant has served more than the time required; and that therefore he is entitled to immediate discharge from further confinement. If the several sentences be construed as running concurrently, they total five years and appellant has completed service of them. On the other hand, if they be construed as running consecutively, they total seventeen years and their service has not been .completed. Where sentences are imposed on pleas of guilty or verdicts of guilty on several indictments, or on several counts in a single indictment, in the absence of some definite and specific provision that they shall run consecutively, each sentence begins to run at once and they all run concurrently. Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Levine v. Hudspeth, 10 Cir., 127 F.2d 982, certiorari denied, 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507. But the trial court has authority in the exercise of its discretion to provide that its sentences shall run consecutively. United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Zerbst v. Walker, 10 Cir., 67 F.2d 667; Hode v. Sanford, 5 Cir., 101 F.2d 290.

Sentences in criminal cases should be reasonably definite, certain, and consistent in their several provisions. They should disclose on their face with fair certainty the intent of the trial court, but the elimination of every conceivable doubt is not requisite to their validity or enforcement. United States v. Daugherty, supra; Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Subas v. Hudspeth, supra; Smith v. United States, 10 Cir., 177 F.2d 434.

In determining whether several sentences are to run consecutively or concurrently, they should be reasonably construed in accordance with the intent of the trial court, if the language used makes the intent clear. But substantial uncertainty or obscurity in that respect should be resolved in favor of the defendant and the sentences construed as running concurrently. Subas v. Hudspeth, supra; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452.

Guided by these familiar principles, we think that the several sentences imposed upon appellant must be construed as running consecutively, not concurrently. The sentence in case No. 1571 was for five years and it expressly provided in effect that it should begin immediately. The provision that it should begin immediately makes it clear that the court did not intend for its service to begin at the conclusion of any other sentence or sentences then being imposed. The sentence in case No. 1574 was for five years and it expressly provided that it should not run concurrently with the sentence imposed in No. 1571. The provision in one sentence that it should begin immediately and the provision in the other that it should not run concurrently with the first, considered together, leave little room for doubt that the intent was for the two to run consecutively, and in that order. The sentence in each of the other cases was for one year and one day, and each provided in clear language that it was not to run concurrently with any other sentence that day imposed upon the appellant. The language used in each of those sentences makes it clear that it was to run separate and apart in point of time from every other sentence imposed upon appellant. When all of the sentences are taken into consideration and construed together, there is no room for doubt that the court intended for them to be served consecutively and that no two or more of them should run concurrently. The several sentences running consecutively, and appellant not having completed the service of all of them, he was not entitled to be discharged on habeas corpus.

The judgment is

Affirmed.