## CROWE v. UNITED STATES.
### No. 11648.

United States Court of Appeals,
Sixth Circuit.

Dec. 19, 1952.

Casper Crowe, per se.

Otto T. Ault, U. S. Atty., Knoxville, Tenn., for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The defendant[1] was indicted for violation of Title 26 U.S.C. §§ 2803(a) and 2913, by transporting, possessing and concealing tax unpaid whiskey. He was found guilty March 7, 1941. The appeal attacks the denial of a motion to vacate sentence imposed under the verdict and this in turn involves the entry of various orders in the case which are as follows:

"Judgment and Commitment, *Entered March 13, 1941*

"On this 13th day of March, 1941, came the United States Attorney, and the defendant Casper Crowe appearing in proper person, and by attorney, and,

"The defendant having been convicted on verdict of guilty of the offenses charged in the indictment in the above-entitled cause, to wit: Transporting, possessing and concealing tax unpaid whiskey, as charged in the three counts of the indictment, and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to

1. Appellant will be denominated defendant throughout this opinion.

the contrary being shown or appearing to the Court, It Is By The Court

"Ordered And Adjudged that the defendant, having been found guilty of said offenses, is hereby committed to the custody of the Attorney General for imprisonment in an institution of the pen. or reformatory type to be designated by the Attorney General or his authorized representative for the period of One (1) Year And One (1) Day from and after this date on the first count of the indictment. It is further ordered that he pay the costs of the cause.

"It Is Further Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the same shall serve as the commitment herein."

"Probation Order, *Entered March 13, 1941*

"Upon the verdict of guilty to transporting, possessing and concealing tax unpaid whiskey, as charged in the three counts of the indictment, it is the judgment of the Court that the ends of justice and the best interest of the public as well as the defendant will be subserved by suspending the execution of sentence and by placing the defendant on probation under the provisions of the Act of Congress establishing a Probation System in the United States Courts as amended, 18 U.S.C.A. § 3651 et seq.

"It is therefore the judgment of the Court that the defendant be committed to the custody of the Attorney General or his authorized representative for confinement in some penal institution to be designated by the Attorney General of the United States for and during a period of Five (5) Years on the second count, and Three (3) Years on the third count, said sentence to run concurrently on each count, and to become effective from and after the expiration of the sentence on the first count. It is further ordered that he pay a fine in lieu of cost of $200.00 on the third count, but that he is not to stand committed for non-payment of said fine.

"It is the further judgment of the Court that the execution of said sentence be suspended and that he be placed upon probation for the term of Two (2) years from the date of entry of this judgment subject to the further orders of the Court made pursuant to law and to the regulations, terms and conditions prescribed by the Department of Justice and the Probation Officer made pursuant to law to all of which the defendant probationer has assented in open court in his own proper person and by Attorney. This March 13, 1941."

"Order Modifying Or Amending Order of Probation, Entered March 17, 1941

"For satisfactory reasons appearing to the Court, it is ordered that the last paragraph of the probation order entered on March 13, 1941, be amended and modified so as to read that the execution of said sentence on the second and third counts be suspended and that said defendant be placed upon probation for the term of Two (2) Years from and after the expiration of the sentence on the first count, but said order is not further or otherwise modified or amended.

"This March 17, 1941."

"Order Revoking Probation, *Entered October 19, 1942*

"Came the United States Attorney and came the defendant in proper person and it appearing that the defendant was found guilty by a jury on March 7th, 1941, of transporting, possessing and concealing tax unpaid whiskey, as charged in the three counts of the indictment and was sentenced to One (1) Year and One (1) Day from and after March 13th, 1941 on the first count, and was sentenced to Five (5) Years on the second count, and Three (3) Years on the third count, said sentence on the second and third counts to run concurrently on each count, and to become effective from

and after the expiration of the sentence on the first count. Said sentences on the second and third counts were suspended and the defendant placed upon probation for the term of Two (2) Years to begin from and after the expiration of the Sentence on the first count.

"It now appears from the report of the Probation Officer that the conditions of probation have been violated and,

"It Is Accordingly ordered that the probation heretofore entered on March 13, 1941 be and the same is hereby revoked and the original sentence of Five (5) Years on the second count and Three (3) Years on the third count become effective as of this date."

"Judgment And Commitment *Entered October 19, 1942*

"On this 19th day of October, 1942, came the United States Attorney and the defendant Casper Crowe appearing in proper person, and having been asked whether he desired counsel assigned by the Court replied that he did not and,

"The defendant having been convicted on verdict of guilty of the offenses charged in the indictment in the above-entitled cause, to wit: Possessing and concealing tax unpaid whiskey in violation of the Internal Revenue Laws, as charged in the second and third counts of the indictment, (A verdict of guilty having also been returned by the jury as to the first count and the defendant sentenced to One Year and One Day on March 13th, 1941) and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, It Is By The Court

"Ordered And Adjudged that the defendant, having been found guilty of said offense, is hereby committed to the custody of the Attorney General for imprisonment in an institution to be designated by the Attorney General or his authorized representative for the period of Five (5) Years from and after this date on the second count and Three (3) Years from and after this date on the third count, said sentence to run concurrently on each count. It is further ordered that he pay a fine in lieu of costs in the amount of $200.00 on the third count, but that he is not to stand committed for non-payment of said fine.

"It Is Further Ordered that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the same shall serve as the commitment herein."

A petition to correct sentence filed by defendant November 19, 1943 was dismissed and no appeal was taken. A petition to vacate or set aside sentence filed by defendant March 17, 1952 was dismissed by the District Court and from the dismissal of the petition this appeal is prosecuted.

It is contended that the various orders and sentences are invalid either because they were not made in the presence of the prisoner or because they increased his sentence.

■ The order of March 13, 1941 committing the defendant to the custody of the Attorney General for a year and one day from date was rendered in the presence of the defendant, as also was the probation order entered March 13, 1941, which sentenced the defendant on Counts 2 and 3. However, the order entered March 17, 1941 modifying or amending the order of probation is clearly invalid because it was not entered in the presence of the prisoner. Price v. Zerbst, D.C., 268 F. 72, 74. A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner. Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 137, 36 L.Ed. 1011. The Supreme Court there stated: "And it appears to be well settled that, where the personal presence is necessary in point of law, the record must show the fact." Wilson v. Bell, 6 Cir., 137 F.2d 716.

The order revoking probation was entered in the presence of the defendant within the two year period. It, therefore, was valid. The order of judgment and commitment entered October 19, 1942 was in the defendant's presence but it is invalid because it increases the sentence imposed originally on the second and third counts. Frankel v. United States, 6 Cir., 131 F.2d 756. This court there held it is not within the power of the court to increase a sentence when punishment has already been partly suffered under the original sentence. In this case the defendant had served part of his sentence at the time the order of October 19, 1942 was entered.

The increase in the defendant's sentence made by this order is substantial. In the entry of March 13, 1941 the sentences of five years on the second count and three years on the third count were ordered to run concurrently and to become effective at the expiration of the sentence on the first count, that is, the sentence of a year and a day. The judgment and commitment of October 19, 1942 was for a period of five years "from and after this date" on the second count and three years "from and after this date" on the third count. But "this date," October 19, 1942, is over seven months more than a year and a day from March 13, 1941, the date of the defendant's first sentence. The order increases the original sentence by over seven months. Hence, the judgment of October 19, 1942 is void to the extent of its excess over the valid sentences of March 13, 1941. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; Wilson v. Bell, supra.

It follows that the defendant is entitled to have the sentence corrected. He is now in the penitentiary at Atlanta, Ga. serving a term for robbery. The Government contends that the District Court has no jurisdiction to correct the sentence, since the defendant is confined under a sentence different from that involved herein. We think there is no merit in this contention. The court has authority to vacate or correct an erroneous sentence, not only during but after the term. The authorities on this point are reviewed in Wilson v. Bell, supra.

It would be a drastic and improper limitation upon the inherent power of the court if it could not correct its own clearly erroneous judgment, because of the fact that the defendant asking for correction was serving a sentence at the time under a different judgment. The erroneous judgment is still in force against him. Moreover, actual prejudice is created by the judgment of October 19, 1942. The defendant states, and it is not denied, that the United States Board of Paroles has placed a warrant against the defendant which necessitates his serving the balance of the five years under this erroneous sentence.

The case is remanded to the District Court with instructions to correct the sentence in accordance with the opinion herein.