UNITED STATES v. CHIARELLA.

UNITED STATES ex rel. CHIARELLA
v.
LUNNEY et al.

No. 270, Docket 22796.

United States Court of Appeals,
Second Circuit.

Argued May 11, 1954.

Decided Aug. 3, 1954.

Harlan, Circuit Judge, dissented.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City, for United States, Richard Owen, Asst. U. S. Atty., New York City, of counsel.

Daniel H. Greenberg, New York City, for Anthony Chiarella.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

CHASE, Chief Judge.

On April 28, 1950, the appellant was found guilty on each of four counts in an

indictment on which he was tried by jury in the District Court for the Southern District of New York. The indictment charged violations of 18 U.S.C. §§ 2, 371, 472 and 473 by his conduct in respect to the same counterfeit Federal Reserve Bank notes as follows: In count one that he received the notes, in count two that he possessed them, in count three that he uttered or attempted to utter them, and in count four that he conspired with others to commit the offenses charged in counts one, two and three.

Judge Stone of the Western District of Wisconsin, sitting in the Southern District of New York by designation and assignment as a visiting judge, presided at the trial and, on April 28, 1950, signed a judgment and commitment in the usual form sentencing the appellant to imprisonment for ten years on each of counts one, two and three and to five years on count four, the sentences on counts one, two and four to run consecutively with each other and concurrently with that on count three. This was the sentence which was entered of record.

Previously on the same day he had orally sentenced the appellant as follows:

"The judgment of the court in the case of Anthony Chiarella is that he be sentenced to serve ten years on Count 1, ten years on Count 2, ten years on Count 3, and five years on Count 4; that Counts 1, 2, and 4 run consecutively; that Count 3 will run concurrently with Counts 1 and 2, which makes a total of 25 years."

On appeal, we affirmed the conviction but reserved the question of the effect of the cumulative sentences and gave the parties leave to file briefs on that subject. United States v. Chiarella, 2 Cir., 184 F. 2d 903. After briefs were filed and considered, we held counts one and two duplicitous, reversed the judgment on them and dismissed that part of the indictment. The convictions on counts three and four were affirmed and it was held that the aggregate sentence on them was fifteen years. A petition for rehearing

was denied. United States v. Chiarella, 2 Cir., 187 F.2d 12.

The appellant then filed a petition for a writ of certiorari on which the following action was taken by the Supreme Court on June 4, 1951:

"The petition for writ of certiorari is granted. Upon consideration of the record and confession of error by the Solicitor General, the judgement of the Court of Appeals is vacated and the case is remanded to the District Court for resentencing." 341 U.S. 946, 71 S.Ct. 1004, 95 L.Ed. 1370. No order on the mandate was, however, entered in the office of the clerk of the District Court until April 3, 1953, a delay of nearly twenty-one months which stands without excuse or justification in this record.

Before the mandate of the Supreme Court was issued, the district attorney moved in the district court for an order directing the clerk to correct his record to conform with the oral sentence imposed on April 28, 1950. This motion was referred to Judge Stone who on June 6, 1951, granted the motion and signed a corrected judgment as follows:

"Ten years on count 1
"Ten Years on count 2
"Ten Years on count 3
"Five years on count 4

"Prison sentence on Counts 1-2-4 to run consecutively to each other and sentence on count three to run concurrently with sentences on counts 1 and 2."

This order was filed in the clerk's office on June 29, 1951, but it was not until July 9, 1951, that the mandate of the Supreme Court was received and filed there. Consequently the order was made when the district court was without jurisdiction and was obviously of no effect, nor does anyone now otherwise contend.

The appellant entered upon the service of his sentence and nothing seems to have been done to comply with the mandate of the Supreme Court until he submitted a proposed order on mandate which was

noticed for settlement before Judge Edelstein on August 12, 1952. There was a delay in signing this order, apparently to permit the district attorney to move for the recall of the mandate of the Supreme Court and its correction to conform with the corrected judgment of Judge Stone. No such motion was made, however, and, on April 3, 1953, the appellant's proposed order was signed directing his production in court for resentencing on April 20, 1953, "as required by the mandate of the Supreme Court of the United States." He was brought to New York from the United States Penitentiary in Atlanta, Ga., and has since been confined in New York. The hearing on the order for resentencing was before Judge Ryan who first dismissed a writ of habeas corpus the appellant had obtained to secure his unconditional release from custody. The basis of the application for the writ was that the court had lost jurisdiction because of the delay which had occurred since the mandate of the Supreme Court had issued.

After Judge Ryan dismissed the writ, he resentenced the appellant to imprisonment for ten years on count three and to five years on count four, the sentences to be served consecutively. And it was further "Ordered that these sentences shall become effective as of April 28, 1950 and all time served by the defendant since that date shall be credited to the defendant upon the sentences so imposed." It is from Judge Ryan's order that this appeal has been taken.

▮ The appeal from the order dismissing the writ of habeas corpus requires little comment. Though the judgment of this court had been vacated by the Supreme Court, he had not been enlarged and obviously he could be held in custody under its mandate until he could be resentenced. The delay in so doing did not deprive the court of jurisdiction to resentence him and whatever may have been his remedies because of that delay, by petition for a writ of mandamus, or otherwise, he did nothing, so far as now appears, to avail himself of them until he took the above stated action. The time which elapsed subsequently was, we think, reasonably excusable under the circumstances and, moreover, since when resentenced the sentence was made effective as of the date of the original judgment and he was given credit for the entire time he has been imprisoned he has suffered no injustice because of any delay. And his attempt to reargue his conviction on the merits is foreclosed by the previous affirmance of that.

The more serious question presented is whether the district judge, having jurisdiction to resentence, fell into error, when, in imposing a sentence of the same number of years of imprisonment on count three and on count four as had originally been imposed on those counts, he made the service of these sentences run consecutively.

The appellant's argument for reversal rests upon two premises (1) that the aggregate number of years was increased when he was resentenced on these counts and (2) that in so doing the court violated the general rule that a sentence may not lawfully be increased after service of it has commenced. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Crowe v. United States, 6 Cir., 200 F.2d 526.

Both in the oral sentence and the written judgment filed by Judge Stone on April 28, 1950, the sentence on each separate count was the same. As a matter of language in the written judgment the sentences on counts one, two and four were to be served consecutively with each other and concurrently with that on count three while in the oral sentences the service of the count three sentence was expressly made concurrent only with the service of the sentences on counts one and two. Of course it would be impossible to serve the count three sentence concurrently with more than one of the other ten year sentences which were to be served consecutively with each other, for when one of them had been served the count three sentence would have been also. So we can perceive no difference in effect between the oral and the written imposition of sentences by Judge Stone

on April 28, 1950, except in the oral one the count three sentence was expressly made to run concurrently with the count one and two sentences while in the written one it was expressly made to run concurrently with them and with that on count four also. In both, the aggregate number of years to be served was twenty-five. Until the sentences on counts one and two were reversed and those counts eliminated from the indictment by this court, the oral and the written sentences imposed the same total imprisonment of twenty-five years and in neither did the time to be served on count three make any difference in the aggregate amount to be served.

■ When, however, counts one and two were dismissed the sentences on them were nullified and upon the affirmance of the judgment on counts three and four the sentences on those counts became the final judgment. What was then left was the sentence on count three of ten years which was under the written judgment of Judge Stone to be served concurrently with the sentence on count four and under his oral sentence was neither expressly made concurrent nor consecutive with the count four sentence. But these sentences were nevertheless concurrent in the oral sentence as a matter of law since when sentences are imposed on two or more counts in an indictment, without specific provision for their running consecutively, each sentence begins at the same time and all run concurrently. Ziebart v. Hunter, 10 Cir., 177 F.2d 847; Levine v. Hudspeth, 10 Cir., 127 F.2d 982, certiorari denied 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 564; McNealy v. Johnston, 9 Cir., 100 F.2d 280.

As United States v. Tuffanelli, 7 Cir., 138 F.2d 981 shows, the effect of the reversal of that part of the judgment which was based on counts one and two in the indictment and the affirmance of the sentences on counts three and four was to make the sentences which were affirmed the first sentences to be served and the service would be concurrent.

If the fact that in each instance, on April 28, 1950, Judge Stone made the service of the count three sentence concurrent with a sentence on another count as to which the one on count four was to be served consecutively creates any ambiguity as to whether the sentence on count four as then imposed was to run consecutively with that on count three it should be resolved in favor of the appellant, McNealy v. Johnston, supra. We do not, however, think there is any ambiguity in the light of the reversal as to counts one and two and their dismissal.

For the reasons above stated we conclude that in resentencing the appellant Judge Ryan increased the original sentences imposed under counts three and four when he sentenced the appellant to imprisonment for the same number of years on each count but made the sentences run consecutively instead of concurrently.

■ Consequently, if the general rule is applicable that after the service of a sentence has been commenced the sentence cannot be increased, error has been shown. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113; Crowe v. United States, 6 Cir., 200 F.2d 526.

The appellee, however, argues that when the Supreme Court vacated the judgment of this court and remanded the case to the district court for resentencing it was for resentencing *de novo*. Thus, so it is said, any sentence within the maximum permissible on either count could have been imposed and made to run consecutively. As authority for this position the appellee relies on Kitt v. United States, 4 Cir., 138 F.2d 842; Wechsler v. United States, 2 Cir., 158 F. 579; Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; House v. Mayo, D.C., 81 F.Supp. 663; and Egan v. United States, 52 App.D.C. 384, 287 F. 958.

We think the Kitt case is distinguishable. On the first appeal, Kitt v. United States, 4 Cir., 132 F.2d 920, 923, it had been held that the sentences imposed on

Kitt and one other defendant "under the first three counts are excessive and illegal" and there was a remand with instructions that they be resentenced under each of those counts. Instead of revising the sentences by reducing the term of imprisonment to one within the statutory limits as the appellate court might have done, Dodge v. United States, 2 Cir., 258 F. 300, United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631, and affirming that part of the judgment, it elected to "remand the case for an entirely new resentence." Kitt v. United States, 4 Cir., 138 F.2d 842, 843. That did away with the original sentences and so it was held on the second appeal that the district court might resentence by imposing any sentence which could lawfully have been imposed originally. The other cases on which the appellee relies are also distinguishable on the ground that the original sentences were held illegal and reversed before resentencing.

But in the instant case the original sentences on counts three and four were affirmed by this court and though the Supreme Court held that in so doing we had misinterpreted them in holding that an aggregate sentence of fifteen years had been imposed, it did not hold the original sentences invalid when it vacated our judgment. This required the district court to take the same action it would have taken had we affirmed the judgment on those counts without more and our mandate had been silent as to the aggregate amount of the sentences which were affirmed.

■ And so, the general rule above noted does apply and the original term of imprisonment imposed upon the appellant could not lawfully be increased. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872; United States v. Benz, supra; Crowe v. United States, supra. See also Rowley v. Welch, 72 App.D.C. 351, 114 F.2d 499; United States ex rel. Hurwitz v. Alexander, 2 Cir., 150 F.2d 1013. But this does not necessarily require reversal since we may correct the error here. Spirou v. United States, 2 Cir., 24 F.2d 796.

The judgment is modified to make the sentences on counts three and four run concurrently and, as so modified, is affirmed.

HARLAN, Circuit Judge (dissenting).

I regret to find myself unable to join with Chief Judge CHASE and Judge HINCKS to the extent that they hold the sentence imposed by Judge Ryan was illegal.

While I agree, for the reasons given by Judge CHASE, that the re-sentencing cannot be regarded as a sentencing *de novo*, it does not seem to me necessarily to follow that the District Court was limited to imposing a maximum prison term of 10 years. That would depend upon how we construe the Supreme Court's mandate.

Had the Supreme Court regarded this Court's reversal on Counts 1 and 2 as automatically resulting in reducing the original total sentence to 10 years, in consequence of the sentences on Counts 3 and 4, *as recorded*, being concurrent, the Supreme Court could readily have effected this result by its mandate. Spirou v. United States, 2 Cir., 24 F.2d 796, certiorari denied, 1928, 277 U.S. 596, 48 S. Ct. 559, 72 L.Ed. 1006; Dodge v. United States, 2 Cir., 258 F. 300, certiorari denied, 1919, 250 U.S. 660, 40 S.Ct. 10, 63 L.Ed. 1194. From the fact that the Supreme Court did not do so, it seems reasonable to infer that its mandate intended something more. The answer, I think, is to be found in the ambiguity arising from the difference between the original sentence as it appears in the stenographer's minutes and as it was erroneously recorded by the Clerk. I interpret the Supreme Court's mandate as requiring the District Court to impose sentence in conformity with that imposed by Judge Stone, as affected by the reversal on Counts 1 and 2, and not as a direction to sentence *de novo*. This imposed on Judge Ryan the duty of ascertaining Judge Stone's intention, and in effect involved the *correction* of the sentence as improperly recorded by the

Clerk, Rule 36 F.R.Crim.Proc., 18 U.S. C.A. Only the District Court had power to do this. Meredith v. Gough, 5 Cir., 168 F.2d 193, certiorari denied, 1948, 335 U.S. 873, 69 S.Ct. 161, 93 L.Ed. 417. And this is clearly the premise upon which Judge Ryan acted. I cannot agree that Judge Stone, had he been available, would not have had power to correct the recorded sentence after the reversal on Counts 1 and 2, even though service of the sentence had begun. Rule 36 gives the Court power to correct clerical errors "at any time".

As I view the matter, the question before us is simply whether Judge Ryan's interpretation of the sentence as imposed by Judge Stone was so unreasonable as to amount to a sentencing of the defendant *de novo*. I think manifestly it was not. I consider there is a real difference between a sentence where the terms on Counts 1–2–4 are to run consecutively and that on Count 3 is expressed *only* to run concurrently with those on Counts 1–2 (as imposed by Judge Stone), and a sentence where the terms on Counts 1–2–4 are expressed to run consecutively with each other and *also* concurrently with that on Count 3 (as recorded by the Clerk). For if the sentence on Count 4 is *consecutive* to those on Counts 1–2, with which the sentence on Count 3 is *concurrent*, it would seem to follow without any real ambiguity that Count 4 is also to be *consecutive* with Count 3, since in effect the prison term on Count 3 is the same as that imposed under Counts 1–2. And, again from the point of view of seeking out Judge Stone's intent, this conclusion is buttressed by his later order attempting to correct the Clerk's erroneous recording of the sentence by eliminating the language expressly making the sentence on Count 3 concurrent with that on Count 4, but letting it stand as to the sentence on Count 3 running concurrently with those on Counts 1–2.

For these reasons, I think the rule that a sentence on which service has commenced cannot be increased, has no application here, and in my opinion the judgment below should be affirmed, without modification.