**Sanford R. BABER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23558.**

United States Court of Appeals
Fifth Circuit.

Nov. 1, 1966.

E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal is from the denial of a motion under Rule 35, Fed.R.Crim.P., for the correction of an allegedly illegal sentence. On August 30, 1961, the district court entered the following judgment of conviction and sentence:

"On this 30th day of August, 1961 came the attorney for the government and the defendant appeared in person and without counsel; the Court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the Court and the defendant thereupon stated that he waived the right to the assistance of counsel;

"IT IS ADJUDGED that the defendant has been convicted upon his plea of guilty of the offense of 18 U.S.C. 1708 and 495—stealing certain letters from authorized depositories for mail matter, abstraction of the contents therefrom and forging and uttering United States Treasury Checks; as charged in the Bill of Information of Fourteen (14) Counts and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FOUR YEARS, on count one. On the remaining counts imposition of sentence be suspended and the defendant placed on supervised probation for a period of five (5) years to begin on completion of sentence imposed on Count One."

On May 20, 1964 the appellant was conditionally released. On April 13, 1965 the probation officer recommended that the court order the probationer to show cause why his probation should not be revoked on the asserted ground that: "On April 3, 1965 probationer sexually molested his eight (8) year old daughter, Carolyn Baber." The order to show cause was issued and the warrant of arrest executed on the same day, April 13, 1965. On April 19, 1965 the district court entered the following order:

"On this 19th day of April, 1965 came the attorney for the government and the defendant appeared in person and without counsel; the Court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the Court and the Defendant thereupon stated that he waived the right to the assistance of counsel;

"IT IS ADJUDGED that the defendant has been convicted upon his plea of guilty of the offense of violation of Probation (Originally charged with 18 USC 1708 and 495—stealing certain letters from authorized depositories for mail matter, abstraction of the contents therefrom and forging and uttering United States Treasury Checks) as charged in the Rule to Revoke Probation and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

"IT IS ADJUDGED that the defendant is guilty as charged and convicted.

"IT IS ADJUDGED that the PROBATION BE REVOKED, Suspension of Sentence heretofore entered, as to Counts 2 and 5 be set aside and as to these two counts, numbers 2 and 5 defendant ordered committed to the custody of the Attorney General for a period of five (5) years on EACH of said counts, said sentences to run consecutively.

"On counts 6, 7, 8, 10, 11 and 12 committed for 5 years on each of said counts and on counts 3, 4, 9, 13 and 14 defendant ordered committed for 10 years, said sentences to run concurrently with each other and to run concurrently with the sentences imposed on Counts 2 and 5."

The appellant recognizes that the original sentence imposed of four years' imprisonment followed by five years' probation was a valid and legal sentence, but argues that the original sentence could not be increased after punishment had begun, citing several cases, the one most nearly applicable being Crowe v. United States, 6 Cir. 1952, 200 F.2d 526. Crowe was convicted on three counts and was sentenced to one year and a day on the first count and to five and three years on the second and third counts to run consecutively and to become effective at the expiration of sentence on the first count. The order of probation as to the second and third

counts was revoked over seven months after the expiration of sentence on the first count and order was then entered confining Crowe for five years and three years, respectively, on the second and third counts "from and after this date." The court held: "The order increases the original sentence by over seven months. Hence, the judgment of October 19, 1942 is void to the extent of its excess over the valid sentences of March 13, 1941." 200 F.2d at 529.

While the Sixth Circuit in its opinion in *Crowe* did not cite 18 U.S.C. § 3653, its decision is obviously sound under the following part of that statute:

"As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

In the present case the court sentenced Baber on Count 1 and suspended the imposition of sentence on Counts 2 and 3. Upon revoking Baber's probation, the court had authority, according to the last sentence of Section 3653, Title 18, quoted supra, to "impose any sentence which might originally have been imposed." [1]

Appellant complains also that he was not credited with the time while he was on probation. Under Section 3653, Title 18, quoted supra, upon revoking his probation, the court need not credit on the execution of the sentence then imposed the time during which he was on probation. [2]

None of the contentions made by the appellant has any merit. The judgment is therefore

Affirmed.

1. See also Roberts v. United States, 5 Cir. 1942, 131 F.2d 392; United States v. You, 2 Cir. 1947, 159 F.2d 688; Bernal-Zazueta v. United States, 9 Cir. 1955, 225 F.2d 64.

2. Kaplan v. Hecht, 2 Cir. 1928, 24 F.2d 664; United States v. Guzzi, 3 Cir. 1960, 275 F.2d 725; Thomas v. United States, 10 Cir. 1964, 327 F.2d 795, 797.