24-1091-cr
*United States v. Dhinsa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-five.

PRESENT:    GUIDO CALABRESI,
            GERARD E. LYNCH,
            SARAH A. L. MERRIAM,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.

GULZAR SINGH, AKA VIPPAN SAREEM,
OTILIO GALVAN, ANTONIO GALVAN,

    *Defendants,*                                    24-1091-cr

GURMEET SINGH DHINSA,

    *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:    HARLAN PROTASS, Protass Law PLLC, New York, NY.


FOR APPELLEE:    MIRANDA GONZALEZ (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY.


Appeal from a March 19, 2024, amended judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION,** the appeal is **DISMISSED.**

Defendant-appellant Gurmeet Singh Dhinsa appeals from the District Court's order granting Dhinsa's motion to amend the judgment to reflect the vacatur of three of Dhinsa's convictions. *See* Text Order, *United States v. Dhinsa*, No. 1:97CR00672-1(EK) (E.D.N.Y. Mar. 19, 2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

Dhinsa was charged in a 1998 Seventh Superseding Indictment with 29 counts, most of which related to his role "as leader of the Singh Enterprise, a racketeering organization centered around a chain of gasoline stations owned and operated by Dhinsa throughout the New York City area." *United States v. Dhinsa* ("*Dhinsa I*"), 243 F.3d 635, 642 (2d Cir. 2001). In 1999, he was convicted on 21 of the charged counts. As relevant to this appeal, Dhinsa was sentenced principally to eight terms of life imprisonment, to

2

run concurrently, on Counts 1, 2, 4, 5, 8, 9, 23, and 24, for racketeering, murder, and kidnapping offenses.

On direct appeal, this Court affirmed the judgments of conviction and sentences on 18 of the 21 counts of conviction. *See Dhinsa I*, 243 F.3d at 677. But on Counts 11, 23, and 24, we "vacate[d] the judgment[s] of conviction and sentence . . . and remand[ed] th[o]se counts to the district court for a new trial should the government decide to reprosecute." *Id.* at 677-78.[1] On remand, in January 2003, the government filed a notice indicating that it would not reprosecute Dhinsa on the three vacated counts. The District Court accordingly entered an order dismissing those counts with prejudice. However, the District Court did not amend the judgment at that time.

In 2024, more than two decades after this Court's decision in Dhinsa's direct appeal,[2] Dhinsa, proceeding *pro se*, moved for entry of an amended judgment pursuant to Federal Rule of Criminal Procedure 36, to reflect the vacatur of Counts 11, 23, and 24. The District Court entered a text order granting the motion pursuant to 18 U.S.C.

---

[1] Count 11 charged Dhinsa with threatening to commit murder, in violation of 18 U.S.C. §1959(a)(4); Dhinsa was sentenced principally to a term of 16 months' imprisonment on that count. Count 23 charged conspiracy to commit interstate kidnapping, in violation of 18 U.S.C. §1201(c); Count 24 charged interstate kidnapping, in violation of 18 U.S.C. §1201(a)(1). Dhinsa was sentenced principally to concurrent terms of life imprisonment, the statutory maximum, on Counts 23 and 24. After the vacatur of the convictions on Counts 23 and 24, Dhinsa remained convicted on six other counts for which he was sentenced to terms of life imprisonment – two of which *mandated* life sentences – that were affirmed on direct appeal.

[2] In the interim decades, Dhinsa lodged several collateral attacks on his conviction, which we do not recount here, except as referenced briefly below.

§3742(f)(1), instead of under Rule 36.[3]  The District Court also amended the judgment, removing the convictions and sentences on Counts 11, 23, and 24.  Dhinsa appealed.[4]

## DISCUSSION

On appeal, Dhinsa seeks to challenge the life sentences imposed on Counts 4, 5, 8, and 9, which this Court affirmed in 2001.  Dhinsa also argues that the District Court erred by failing to conduct *de novo* resentencing after this Court vacated his convictions and sentences on Counts 11, 23, and 24.  We conclude, however, that Dhinsa is not aggrieved by the District Court's order *granting* his motion to amend the judgment, and therefore lacks statutory standing to bring this appeal.  We therefore dismiss the appeal.

The Supreme Court has explained:

> Congress has vested appellate jurisdiction in the courts of appeals for review of final decisions of the district courts.  28 U.S.C. §1291.  Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom.  A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.

---

[3] Section 3742(f)(1) provides: "If the court of appeals determines that . . . the sentence was imposed in violation of law . . ., the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate."  18 U.S.C. §3742(f)(1).  Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.

[4] Although the District Court docket reflects an April 22, 2024, date for Dhinsa's Notice of Appeal, which would otherwise be untimely, Dhinsa's Notice of Appeal, which he filed *pro se*, reflects a USPS postmark date of March 26, 2024.  His Notice of Appeal was therefore timely under Federal Rule of Appellate Procedure 4(c)(1).  In any event, the government raises no objection to the timeliness of Dhinsa's Notice of Appeal.  *See United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008).

*Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980). Applying this well-established principle, we have consistently held that "standing to appeal is conferred only on parties aggrieved by the judgment." *United States v. Weinlein*, 109 F.4th 91, 96 (2d Cir. 2024) (citation modified).

Dhinsa lacks statutory standing to appeal from the District Court's order granting his motion to amend the judgment because he successfully obtained all the relief he sought in his motion. Dhinsa moved the District Court pursuant to Rule 36, which permits the correction of a clerical error in the judgment. The relief he requested under that rule was appropriately narrow. After noting that "the judgment has never been formally amended to remove the vacated counts," he made his request for relief: "Wherefore, Dhinsa respectfully request[s] that the Court grant the motion and amend the judgment to reflect the vacatur of counts 11, 23 and 24 and provide such notice [to] the FBOP [Federal Bureau of Prisons]." App'x at 196. On March 19, 2024, the District Court issued a text order granting Dhinsa's motion – applying 18 U.S.C. §3742(f)(1) rather than Rule 36 to do so – and amended the judgment accordingly to reflect the dismissal of Counts 11, 23, and 24. Thus, the District Court granted all of the relief sought by Dhinsa's motion.

"If a court grants the ultimate relief a party requested, even though on grounds other than those urged by the prevailing party, that party is generally not aggrieved by the judgment and may not appeal." *Weinlein*, 109 F.4th at 97 (citation modified). Nevertheless, Dhinsa filed a Notice of Appeal. The Notice designates only one order to be challenged on appeal; it states that Dhinsa "hereby appeals to the United States Court

5

of Appeals for the Second Circuit from the March 19, 2024, decision of the Honorable Edward R. Korman[,] U.S District Judge, amending his judgment to reflect the removal of vacated convictions." App'x at 208. In other words, Dhinsa appeals the District Court's order doing exactly what he had asked the District Court to do.

This is not an instance in which Dhinsa "received some, but not all, of the relief [he] requested," such that he "can appeal the District Court's order insofar as it denies [him] the relief [he] has sought." *Weinlein*, 109 F.4th at 97 (citation modified). Dhinsa moved only for a specific, clerical modification to conform the written judgment to the record, which reflected that Counts 11, 23, and 24 had been vacated on appeal and later dismissed. He did not request any other relief. He did not raise the arguments he now asserts on appeal; that is, he did not seek *de novo* resentencing or lodge any challenge at all to the sentences imposed on Counts 4, 5, 8, or 9. Dhinsa moved for specific relief; he was granted that specific relief; and his Notice of Appeal identifies the order granting that specific relief as the only order appealed from. Accordingly, he is not "aggrieved" by and may not appeal from the District Court's order.[5]

To the extent Dhinsa contends that the entry of the amended judgment itself provides him with a vehicle to raise new challenges to the sentences imposed on Counts

---

[5] Dhinsa does not argue on appeal that the District Court erred in actually amending the judgment, such as by committing a typographical error. Nor does he contend that the District Court's application of §3742(f)(1) to grant his motion was erroneous.

4, 5, 8, and 9 on the theory that the judgment as to those counts was not final until entry of the 2024 amended judgment, we disagree.[6]

"[I]t is a general rule that a charging instrument, even one with multiple counts, results in only a single judgment." *Francis v. Comm'r of Corr.*, 827 F. App'x 129, 131 (2d Cir. 2020) (summary order); *see also Burrell v. United States*, 467 F.3d 160, 163 (2d Cir. 2006). "A natural consequence of that fact . . . is that each count in an information must be formally disposed of – whether through a conviction, an acquittal, *or a dismissal* – for a judgment to become final." *Francis*, 827 F. App'x at 131 (emphasis added). On remand, in 2003, the District Court dismissed Counts 11, 23, and 24 with prejudice. Upon that dismissal, at the latest, each count of the Seventh Superseding Indictment was formally disposed of, even though the District Court did not also file an amended judgment at that time.[7] *See United States v. Chiarella*, 214 F.2d 838, 841 (2d Cir. 1954)

---

[6] As noted, before the District Court, Dhinsa did not make any substantive challenges to his sentence in connection with the appealed-from order. "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal| unless "we think it necessary to remedy an obvious injustice." *United States v. Gershman*, 31 F.4th 80, 95 (2d Cir. 2022) (citation modified). Dhinsa offers no reason that we should consider these substantive arguments that were not raised below in connection with the appealed-from motion and order. Given the many opportunities he has had to challenge his sentence, we see no obvious injustice in declining to do so.

[7] Indeed, we have previously concluded that the judgment in Dhinsa's case was amended by order, even before entry of an amended judgment. In Dhinsa's prior appeal from an amended consent order, we explained that "the district court *did* amend the judgment to reflect the correct value of the special assessment," even though the amendment was effectuated through the District Court's order, and not through a separate filing of an amended judgment. *United States v. Dhinsa*, No. 22-1211, 2024 WL 221819, at *1 n.4 (2d Cir. Jan. 22, 2024) (summary order). That prior determination constitutes the law of the case, and we are bound by it.

("When, however, counts one and two were dismissed the sentences on them were nullified and upon the affirmance of the judgment on counts three and four the sentences on those counts became the final judgment."). The 2024 order and entry of an amended judgment thus merely conformed the written judgment to the formal disposition of those counts, which occurred decades ago. Dhinsa's challenges to Counts 4, 5, 8, and 9 are therefore untimely.

Dhinsa appeals from an order that granted him all the relief he sought. He lacks standing to challenge the order granting his motion to amend the judgment to reflect the vacatur and dismissal of Counts 11, 23, and 24. We have considered Dhinsa's remaining arguments and find them to be without merit. For the foregoing reasons, this appeal is **DISMISSED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8