## PRIORI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. July 3, 1925.)

No. 4289.

1. **Criminal law ⬅1159(4) — Reviewing tribunal cannot review issue of credibility between defendant and his accusers.**

Reviewing tribunal cannot review an issue of credibility between defendant and his accusers.

2. **Witnesses ⬅375—Extent to which details of antagonism between defendant and accuser may be shown is discretionary with trial court.**

The extent to which details of antagonism between defendant and his accuser (witness) may be shown is discretionary with trial court.

3. **Criminal law ⬅1184—Sentence to imprisonment at hard labor for counterfeiting should be amended.**

In prosecution for making counterfeit coins and molds therefor, sentence of defendant to imprisonment in penitentiary "at hard labor," being seemingly unauthorized by Criminal Code, § 338 (Comp. St. § 10512), should be amended accordingly.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Fred Priori was convicted of making counterfeit coins and molds therefor, and he brings error. Modified, and, as modified, affirmed.

Wm. R. Harrison, of Memphis, Tenn. (Chas. N. Shoemaker, of Memphis, Tenn., on the brief), for plaintiff in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. [1] Priori was convicted of making counterfeit coins and molds therefor. The brief of his counsel upon this review is chiefly taken up with a discussion of the evidence, under the claim that there should have been a directed verdict. Upon a review of the record, we think there was substantial evidence to go to the jury. There was a sharp issue of credibility between Priori and his accuser, Torri. The jury saw them both and believed Torri. We cannot review such an issue.

Aside from some points not requiring mention, the further assignments of error are two: First, that defendant was not permit-

ted to show the extent of his quarrel with Torri; and, second, that defendant was not permitted to impeach Torri in a material matter.

[2] As to the first: It was clearly shown that there had been a quarrel between Torri and Priori and that very likely Torri bore a grudge; in such a case, the extent to which the details of the antagonism may be shown, is discretionary; the discretion was not abused.

As to the second: We think the question asked and refused was only permissible by way of collateral impeachment of Torri, and that the necessary foundation for such an impeaching question had not been laid. The former questions relied upon for that purpose failed to identify sufficiently the statement which Torri had denied making, and which it was desired to show he had made. The detailed reasons leading to our conclusions in these two matters are not necessary to be stated.

[3] We observe that the sentence is to imprisonment in the Atlanta penitentiary "at hard labor." If this last clause was unauthorized by law, as it seemingly was (Criminal Code, § 338 [Comp. St. § 10512]), it should be stricken out, and the sentence amended accordingly. It is so ordered. Gardes v. U. S. (C. C. A. 5) 87 F. 172, 183, 30 C. C. A. 596.

The judgment and sentence, so modified, are affirmed.