## KITT v. UNITED STATES.
### No. 5085.

Circuit Court of Appeals, Fourth Circuit.

Nov. 8, 1943.

Hiram M. Smith, of Richmond, Va., for appellant.

Walkley E. Johnson, Asst. U. S. Atty., of Newport News, Va. (Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Harry Kitt (hereinafter called Kitt), the appellant here, was, on August 12, 1942, sentenced by the District Court, under an indictment containing five counts, as follows: upon each of the first four counts to a term of four years' imprisonment and a fine of $200, and, upon the fifth count to a term of two years' imprisonment and a fine of $200. The District Court specified that the sentence of imprisonment imposed under counts 2, 3, 4 and 5 was to run concurrently, and not consecutively, with the sentence under count 1. Thus Kitt was senenced to imprisonment for a maximum term of four years.

The case was duly appealed to this Court, 132 F.2d 920. We sustained, as against various allegations of error, the conviction. We, however, upon confession of error by the United States as to the fourth count, eliminated the sentences under that count. It was apparent, too, under the opposite federal statutes, 26 U.S.C.A. Internal Revenue Code, §§ 2810, 2833, 2834, 2913, that the maximum sentence of imprisonment which could be imposed upon Kitt, under each of the first three counts, was two years. The sentence of two years' imprisonment under the fifth count was proper under the statutes, and this was affirmed. We remanded the case to the District Court with the direction that Kitt be sentenced under each of the first three counts in the indictment.

On March 18, 1943, in resentencing Kitt, the District Court adjudged that Kitt be "imprisoned for a term of two years and fined the sum of $200 on each of the First, Second and Third Counts of the indictment, the sentence under Count 2 to run consecutively and not concurrently with the sentences imposed under Counts 1 and 3, and the sentence imposed under Count 3 to run concurrently and not consecutively with the sentence imposed under Count 1." It is thus clear that the maximum period of imprisonment was the same under both the original sentence and the resentence.

Kitt, on the present appeal, contends that the District Court, in resentencing him under our mandate, was bound by all that part of its original sentence which was within the statutes; that the District Court could not change the provisions of the original sentences that they should run concurrently and provide in the resentence that these terms of imprisonment should run consecutively. The contention of the United States, on the other hand, is that "when the Appellate Court referred the case back for resentencing the Trial Court was not restricted by the terms of the prior sentences but instead could impose such sentences as were within the law as if no prior sentences had been imposed." We think this contention of the United States is sound and should be upheld.

The rule seems well established in the federal courts that an excessive sentence of imprisonment (such as that imposed upon Kitt in the original sentence) is not absolutely void, but is rather voidable as to the excess beyond the maximum authorized by the statute. We could, there-

fore, had we so desired, have stricken off the excess, and have allowed the valid portion of the sentence to remain. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Dodge v. United States, 2 Cir., 258 F. 300, 7 A.L.R. 1510; Priori v. United States, 6 Cir., 6 F.2d 575; Spirou v. United States, 2 Cir., 24 F.2d 796. Had we done this, leaving the sentences all concurrent, Kitt would have been imprisoned for a maximum of two years.

We think, however, that we are not limited to such a procedure. We may, as we did, remand the case for an entirely new resentence. In many instances, and we thought the instant case was one of them, this seems a wiser course. Whitworth v. United States, 8 Cir., 114 F. 302. See, also, Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509; Wechsler v. United States, 2 Cir., 158 F. 579.

This brings us to the crucial question raised on this appeal. What were the powers of the District Judge when we remanded the case with the direction that Kitt be resentenced? If the District Judge was limited solely to striking off the excessive sentence, leaving the valid portions of the original sentence in effect, then a remand was a foolish gesture. Our mandate should have directed explicitly and solely such a striking off of the excess punishment.

We think, though, that upon the remand with directions for a resentence, the District Judge, unrestricted by the original sentence, had the power to impose upon Kitt any sentence which was within the limits prescribed by the statute. Kitt then stood in the same position that he occupied when, after the jury's verdict of guilty, he first stood before the District Judge to be sentenced.

We think that the District Judge could have reduced the sentence of imprisonment below the valid portion of the first sentence. We also think he could have raised the sentence above the valid portion of the original sentence, provided, of course, he kept within the statutory limits. Virtually, this is just what he did. Under the valid portions of the original sentence, with the terms of imprisonment running concurrently, Kitt would have been called on to serve a maximum term of imprisonment for two years. Under the resentence, with portions of the sentences running consecutively and not concurrently, Kitt faced a

maximum term of imprisonment for four years.

The exact question, in precise terms, seems not to have been passed upon in any of the cases cited in the briefs. There are, however, in some of the cases, expressions which seem by implication to favor the view that we have indicated.

Thus in Williams v. United States, 168 U.S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509, Mr. Justice Harlan said: "It is proper also to observe that there was error in the judgment as to the fine and imprisonment imposed upon the accused. Section 5481 of the Revised Statutes [18 U.S.C.A. § 171] provides that the fine should not exceed $500, nor the imprisonment more than one year. If this were the only error complained of, the result would not be an entire failure of the prosecutions, for it would *only be necessary for the court below to enter a new judgment, imposing such fine or imprisonment, or both, as the statute permitted.*" (Italics ours.)

It will be noted that Mr. Justice Harlan imposed no limitations on the power of the trial court on resentence save the permissions of the statute. To the same effect are the words of Circuit Judge Lacombe, in Wechsler v. United States, 2 Cir., 158 F. 579, 584, who, after citing and discussing the Williams case, supra, thus concluded his opinion: "In conformity to this authority [the Williams Case], the judgment is reversed, and the cause remanded to the Circuit Court, *with instructions to enter a new judgment imposing such imprisonment as section 29 of the Bankruptcy Act* [11 U.S.C.A. § 52], *permits.*" (Italics again ours.) See, also, Egan v. United States, 52 App.D.C. 384, 287 F. 958, 972.

In the brief of counsel for Kitt much reliance is placed upon cases such as United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631, and In re Bonner, 151 U.S. 242, 252, 14 S.Ct. 323, 38 L.Ed. 149. These authorities hold that where a prisoner *in a writ of habeas corpus* complains of an excessive sentence, the sentence is to be regarded as not totally void but rather void only as to the illegal excess. These cases are, therefore, not in point; they are clearly distinguishable from the instant situation, since, in Kitt's former appeal to this Court, we set aside the judgment and remanded the case for a *new* sentence by the District Court.

The resentence, we think, violates no rights granted to Kitt by the Constitution or Statutes of the United States. Nor has he been the victim of any unfairness. Upon his appeal, his conviction was affirmed, and the case remanded to the District Court for a resentence. The original sentence contemplated a maximum imprisonmnt of four years, though, through inadvertence, this result was not lawfully encompassed. A like term, with adequate reasons therefor, was imposed under the resentence, by making the sentences within the statute consecutive instead of concurrent. Kitt cannot validly contend that the original sentence must be set aside to permit a resentence, while at the same time those provisions of the original sentence providing for concurrent, rather than consecutive, terms of imprisonment must be kept alive for his protection.

We, accordingly, affirm the judgment of the District Court.

Affirmed.