## UNITED STATES v. SOSSEUR.
### No. 10069.

United States Court of Appeals
Seventh Circuit.
May 11, 1950.

Lloyd G. Andrews, Shawano, Wisconsin, Wallrich Law Office, Shawano, Wisconsin, for defendant-appellant, Matthew M. Wallrich, James H. Larson, Shawano, Wisconsin, of counsel.

Charles H. Cashin, U. S. Atty., Carlisle P. Runge, Asst. U. S. Atty., Madison, Wisconsin, for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This appeal brings into question the scope of the Assimilative Crimes Act, 18 U.S.C.A. § 13, as applied to an enrolled member of an Indian Tribe charged with the offense of operating slot machines on an Indian reservation located within the territorial boundaries of the State of Wisconsin. Defendant pleaded not guilty and waived jury trial. He admitted ownership and operation of the machines but contended that he was not subject to prosecution therefor for the reason that the offense charged was a violation of the Wisconsin Statutes to which he was not amenable under the laws governing Indians. After a hearing he was found guilty by the court and sentenced to six months imprisonment and fined $250. To reverse this judgment he prosecutes this appeal.

The facts were stipulated. The situs of the alleged offense is "Indian country" as defined by § 1151 of the Criminal Code. The tribe of Indians of which defendant is an enrolled member is organized under a Charter promulgated in accordance with the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C.A. § 461 et seq. Under this Charter it was designated a body politic, authorized to exercise, subject to the restrictions of the United States Constitution and laws, all corporate powers enumerated in the Charter.

Defendant had been granted a license by the Tribal Council to "place on Indian lands * * * any type of coin operated device licensed or taxed by the United States Government * * *" and in accordance with that license he had paid a federal tax of $100 each on nine gambling devices operated by himself and another defendant charged with a similar offense. The machines were patronized largely by tourists visiting in the area. Of course, the payment of the federal tax was not a license to operate the machines. Wainer v. United States, 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58.

Section 1152 of the Criminal Code makes the following provision with respect to the laws governing Indians:

"Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States * * * shall extend to the Indian country.

"This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively."

Among the general laws of the United States referred to in this section is the Assimilative Crimes Act which, by a recent decision of the United States Supreme Court, has been conclusively held applicable to the Indian country. Williams v. United States, 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962. See also Cohen, Handbook of Federal Indian Law, p. 365. This Act provides: "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State * * * in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

With the exception of the laws relating to lottery, not here involved, gambling, and the maintenance and operation of gambling devices, have never been declared offenses under the laws of the United States. Nor has the Tribal Council for defendant's tribe ever adopted any ordinance with respect thereto, although § 161.58 of the Code of Tribal Offenses in effect on defendant's reservation and introduced in evidence as an exhibit, provides that any Indian who violates any rule or ordinance adopted by the Tribal Council for the control or regulation of gambling on any reservation shall

be deemed guilty of an offense and if found guilty, shall be sentenced to labor for not more than 30 days. The Wisconsin Statutes, however, in Chapter 348 defining offenses against public policy, provide as follows: "(1) Any person who shall set up, keep, manage or use any table, wheel or other construction, or any cards, dice or other device * * * adapted, suitable, devised or designed, or which can or shall be used for gambling purposes and induce, entice or permit any person to gamble * * * shall be punished by imprisonment in the county jail not more than one year nor less than one month, or by fine not exceeding $500 nor less than $100." § 348.07, Wis.St. 1949.

It is the offense created by this statute with which defendant is charged in accordance with the provisions of the Assimilative Crimes Act. As a companion to this section and immediately following it, § 348.08 provides that any person gambling on any device proscribed thereby shall be punished by imprisonment for not more than six months or fine not exceeding $100. And § 348.13 provides as a penalty for gambling, that any person who shall win or lose any money thereby shall be punished by fine not less than five times the value of the money or property so lost or won.

The District Court held that the defenses of the second paragraph of § 1152 were not available here since the offense charged obviously was not one by one Indian against another, and was not covered by tribal ordinance under which defendant had been punished, nor reserved for tribal jurisdiction by treaty stipulation. Hence, Judge Stone held, 87 F.Supp. 225, 229, that under the circumstances the Assimilative Crimes Act "has a natural place to fill, through its supplementation of the criminal code. This Act permits the use of local State Statutes to fill in the gaps in the Federal Criminal Code, where no action of Congress has been taken to define the missing offense. It was enacted to supplement the Federal Criminal Code of offenses with the penal code of the State in which the Reservation may be situated, and is a part of the general law of the United States relating to the punishment of offenses committed within the 'Indian country'."

We think the ruling of the District Court is in accord with cases construing the Act. In United States v. Press Publishing Co., 219 U.S. 1, 8, 9, 31 S.Ct. 212, 213, 55 L. Ed. 65, 21 Ann.Cas. 942, the Court said, "The effect of the act * * * was to incorporate the criminal laws of the several states * * * into the statute, and to make such criminal laws, to the extent of such incorporation, laws of the United States. * * * where no law of the United States has expressly provided for the punishment of offenses committed on reservations, all acts done on such reservations which are made criminal by the laws of the several States are left to be punished under the applicable state statutes." To the same effect is the decision in Puerto Rico v. Shell Co., 302 U.S. 253, 266, 58 S.Ct. 167, 173, 82 L.Ed. 235, where the Court, referring to the Act, said: " * * * in respect of offenses committed upon places subject to the exclusive jurisdiction of the United States within the limits of a state or organized territory or district, [it] makes applicable the laws of such state * * * in respect of such offenses. Prosecutions under that section, however, are not to enforce the laws of the state * * * but to enforce the federal law, the details of which, instead of being recited, are adopted by reference."

We think it is clear that unless there is present one of the three conditions provided by § 1152 ¶ 2 to exempt an Indian from liability for offenses under the general laws of the United States to which he is subject by virtue of § 1152 ¶ 1, that section is effective to render him amenable to such general laws, including or as enlarged by the Assimilative Crimes Act.

Defendant asserts that the Wheeler-Howard Act, the Indian Reorganization Act of 1934, was intended to reaffirm tribal sovereignty and recognize Indian rights to self-government including that of the administration of justice, and that, "What is not expressly limited remains within the domain of tribal sovereignty." We con-

strue his contention to mean that since the Tribe is authorized to adopt a code of offenses and since it did by its code provide for punishment for the violation of any ordinance thereafter adopted with respect to gambling, this took the offense out of the realm of general laws and established the right of the Tribal Council to enact legislation pertaining thereto, and that members of the Tribe are subject only to such tribal legislation. With this contention we do not agree. As we construe the section, in the absence of a tribal law under which an alleged offender has actually been punished, or an express recognition of exclusive jurisdiction in the tribe by treaty stipulation, tribal members are subject to the general laws of the United States which by § 13, the Assimilative Crimes Act, are to be found not only in the federal code, but also in the statutes of the State within whose territorial limits the reservation is located, and made a part of the federal law for such reservation by assimilation.

A further reason occurs to us for holding defendant amenable to the law here involved. As the District Court observed, the offense obviously was not by one Indian against another—it was stipulated that the slot machines were used by both Indians and non-Indians and that they were publicly available for anyone who chose to use them. Thus defendant furnished the means by which non-Indians were enabled and induced to violate the Wisconsin law. And while the actual acts here alleged to constitute a violation of the law were committed by an Indian on a reservation and hence were not in the jurisdiction of the State (see Cohen, op. cit. p. 146), the impact of those acts was on non-Indians as well as Indians, and they tended to undermine the enforcement by the State of its own law. We think these circumstances rendered application of the Assimilative Crimes Act appropriate.

■ Defendant further contends that even if he is subject to prosecution for the offense here charged, the sentence rendered is excessive in view of the fact that under the tribal code, gambling, if it is an offense, is punishable only by 30 days labor. We find no merit in this contention. The Act

itself provides for assimilation of both offense and punishment. We do note, however, that the punishment here imposed was six months' imprisonment and $250 fine, although the Wisconsin statute upon which the prosecution was grounded provides for imprisonment *or* fine. We think the sentence was excessive to the extent that it imposed both imprisonment and fine, and that defendant is entitled to have it corrected. Kitt v. United States, 4 Cir., 138 F.2d 842; United States v. Lynch, 7 Cir., 159 F.2d 198. Cf. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L. Ed. 818.

Judgment affirmed as to the conviction of the offense charged, and reversed as to the sentence imposed therefor, and the cause is remanded with directions to resentence the defendant.