**Diego GONZALEZ, Defendant, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5056.**

United States Court of Appeals
First Circuit.

Aug. 27, 1957.

Diego Gonzalez, pro se.

Ruben Rodriguez-Antongiorgi, U. S. Atty., San Juan, Puerto Rico, for appellee.

Before MAGRUDER, Chief Judge, and BIGGS* and WOODBURY, Circuit Judges.

BIGGS, Circuit Judge.

This case has been before us on two previous occasions. On the first appeal, reported at 1 Cir., 1955, 224 F.2d 431, we reversed an order of the court below refusing to grant a motion made by Gonzalez pursuant to Section 2255, Title 28 U.S.C., to correct a sentence of imprisonment imposed upon him as a second offender for violations of the narcotic laws. We held that Gonzalez could not be sentenced as a second offender, and, in a concurring opinion, Chief Judge Magruder suggested that Gonzalez' victory might turn out to be a "hollow one," for upon resentencing the trial court could impose on him as long a period of imprisonment as before simply by sentencing on the counts of the multicount indictment consecutively instead of concurrently as initially. Thereafter Gonzalez petitioned for rehearing asserting in effect that the court below would be lacking in authority to sentence as suggested by Chief Judge Magruder. We denied this petition for rehearing.

When Gonzalez was sentenced again on September 29, 1955, following remand, the court below adopted Chief Judge Magruder's suggestion and reduced the sentences of imprisonment on the individual counts to provide that some of them were to be served consecutively, so that the total period of imprisonment

---

* Judge Biggs, a circuit judge of the Third Judicial Circuit, was designated to sit in the Court of Appeals for the First Circuit by Mr. Chief Justice Warren.

was 10 years, the same total period of imprisonment as had been imposed on Gonzalez by the original sentencing.

Probably because both Gonzalez and his counsel were in court on the occasion of his second sentencing the clerk failed to notify Gonzalez in writing of the entry of the order as required by Rule 49(c), F.R.Crim.P., 18 U.S.C. On October 13, 1955, 14 days after the new sentences were imposed, Gonzalez filed a notice of appeal from the judgments of sentence of September 29, 1955. The United States filed a motion to dismiss the appeal on the ground that it was untimely under Rule 37(a) (2), F.R.Crim.P., and that the question raised had been adjudicated against Gonzalez by our denial of his petition for rehearing.

We held that we were unable to reach the merits of the controversy because the second appeal was not a continuation of the Section 2255 proceeding, governed by the 60 day time limit prescribed by Rule 73(a), F.R.Civ.P., 28 U.S.C., but an appeal from the new judgments of sentence, governed by the 10 day time limit prescribed by Rule 37(a) (2) F.R. Crim.P., and that therefore an appeal filed on the fourteenth day was not timely. We also held that the delay in filing the appeal was not excused by the failure of the clerk to notify Gonzalez. We dismissed the appeal. See 1 Cir., 1956, 233 F.2d 825. Certiorari was granted and the Supreme Court vacated the order of dismissal and remanded the case to us "for consideration on the merits as a timely appeal under the Federal Rules of Civil Procedure." See 1956, 352 U.S. 978, 77 S.Ct. 383, 1 L.Ed.2d 363. We now proceed to do so.

It was and still is Gonzalez' position that the court below failed to comply with our mandate following the first appeal because we stated that we reversed the judgment of sentence in order that the court below might vacate the illegally imposed sentence and "correct the sentences." Gonzalez insists that a "correction" of the sentences necessitated not a vacating of them *in toto* but required the court below to reduce the sentences on each count to the maximum which was legal for the first offense, i. e., 5 years on each count, but that the provision for concurrent running of the sentences must remain unimpaired. This, says Gonzalez, is what we meant by our ruling and that no other interpretation is consonant with the double jeopardy provision of the Fifth Amendment.

■ We cannot agree. In Kitt v. United States, 4 Cir., 1943, 138 F.2d 842, the defendant was originally sentenced on each of four counts to imprisonment for terms of four years and to imprisonment for two years on count five, the sentences to run concurrently on all counts. Upon appeal the judgments of sentence were reversed on all counts save that imposed on count five and the case was remanded with the direction to impose new sentences on the first three counts, upon which the maximum statutory sentence possible was two years instead of four. On remand the District Court imposed consecutive sentences of two years each on counts one and two so that the new total sentences stood at four years. On appeal the judgments of sentence were affirmed, the Court of Appeals for the Fourth Circuit ruling that "Upon the remand with directions for a resentence, the District Judge, unrestricted by the original sentence, had the power to impose upon Kitt any sentence which was within the limits prescribed by the statute." See 138 F.2d at page 843. The ruling of the Court of Appeals for the Fourth Circuit was substantially in accord with that of the Court of Appeals for the Eighth Circuit in Phillips v. Biddle, 1926, 15 F.2d 40. It is not stated categorically in the opinion in the Kitt case that the convicted defendant had commenced to serve the sentence first imposed upon him but we think it must have been so since there is no suggestion or indication in the opinion that Kitt was enlarged on bail. In the Phillips case it is clear that the convicted defendant was serving the sentence first imposed on him for he petitioned for a writ of habeas corpus.

Gonzalez insists that the rulings in United States v. Chiarella, 2 Cir., 1954, 214 F.2d 838, and Duggins v. United States, 6 Cir., 1957, 240 F.2d 479, support his position. Cf. Rule 35, Fed.Rules Crim.Proc., 18 U.S.C. We cannot agree for in the cited cases the Courts of Appeals held that there could be no re-sentencing, as it were, *de novo*, when the convicted defendant had commenced to serve the sentence originally imposed on him. As we have indicated there is a conflict between the circuits for the Eighth Circuit certainly and the Fourth Circuit probably have held that a convicted defendant can be sentenced, as it were, *de novo*, despite the fact that he has commenced to serve the sentence originally imposed on him. It is not necessary for us in this opinion to resolve the conflicting views of the Fourth and Eighth Circuits and of the Second and Sixth Circuits for Gonzalez had not commenced to serve the sentences illegally imposed on him at No. 7039 in the District Court when he was resentenced at No. 7039, following our remand. This is so because the sentences were imposed on him at No. 6649 in the court below on July 29, 1952. On that day he was sentenced to serve five years on the first count and to serve five years on the second count of the two count indictment, the sentence imposed on the second count being suspended and Gonzalez being placed on probation for five years. The first sentences at No. 7039 in the court below were imposed on September 19, 1952 and the second sentences were imposed at No. 7039 on September 9, 1955. The terms of imprisonment imposed by all the sentences at No. 7039 were to be served consecutively to the sentences imposed at No. 6649. The facts of the case at bar therefore are clearly distinguishable from those in United States v. Chiarella and Duggins v. United States, supra, and the court below possessed the authority to sentence Gonzalez following our remand as if he stood for the first time before the District Judge for sentencing. Cf. Ex parte Lange, 1874, 18 Wall. 163, 21 L.Ed. 872.

Gonzalez contends also that whenever consecutive sentences are imposed on a prisoner the law requires that they be aggregated and treated as a single sentence; that otherwise the parole rights of a prisoner would be disastrously affected, citing §§ 4201, 4161 and 4162, 18 U.S.C. We do not agree that consecutive sentences must be aggregated and treated as a single sentence insofar as the issues presented by the appeal at bar are concerned. Such a position is tantamount to saying that a trial judge does not possess the authority to impose separate, concurrent or consecutive sentences. Aggregation may be employed for the purposes of parole but such an issue is not pertinent here.

We can perceive no error in the proceedings in the court below and consequently we affirm the judgment imposing the sentences.