**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Smith JOHN and Harry Smith John, Defendants-Appellants.**

**No. 76–1518.**

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1979.

---

Edwin R. Smith, Meridian, Miss. (court-appointed), for defendants-appellants.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., Larry G. Gutterridge, Peter R. Taft, Asst. Atty. Gen., Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before COLEMAN, GODBOLD and HILL, Circuit Judges.

COLEMAN, Circuit Judge.

In October 1975, Smith John,[1] a Choctaw Indian, was indicted by a federal grand jury

---

1. Harry Smith John, the son of Smith John, was also indicted for, and convicted of, the same offenses. Harry Smith John has been killed, and the case is now moot as to him. *See*

for assault with intent to kill Artis Jenkins, a non-Indian, in violation of 18 U.S.C. §§ 1153 and 113(a).[2] At the conclusion of the trial, Smith John requested and received instructions on the lesser included offense of simple assault, as he was entitled under *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). The jury convicted him of simple assault, and the Court sentenced him to 90 days' imprisonment and a $300 fine. On appeal, we reversed, holding that the District Court was without jurisdiction because the land on which the offense took place was not "Indian country" within the meaning of 18 U.S.C. § 1153. *United States v. John,* 5 Cir. 1977, 560 F.2d 1202. The Supreme Court reversed that holding and remanded for further proceedings, noting that our opinion had not addressed the separate issue of whether the District Court had jurisdiction to enter a judgment of conviction for the offense of simple assault, a misdemeanor which is not specifically listed in 18 U.S.C. § 1153. *United States v. John,* 437 U.S. 634, 636, 98 S.Ct. 2541, 2543 n. 3, 57 L.Ed.2d 489 (1978).

We are of the opinion that the District Court had jurisdiction to enter the judgment of conviction for the offense of simple assault, and we therefore affirm. This conclusion is, in most respects, identical to that reached by the only other circuit which has considered this precise problem. *See Felicia v. United States,* 8 Cir. 1974, 495 F.2d 353, *cert. denied,* 419 U.S. 849, 95 S.Ct. 88, 42 L.Ed.2d 79 (1974).

At the time of the alleged offense, 18 U.S.C. § 1153 provided that "[a]ny Indian who commits against the person . . of another Indian or other person . . assault with intent to kill . . . within the Indian country, shall be subject to the same laws and penalties as all other persons committing [such offense], within the exclusive jurisdiction of the United States."

Because Smith John is an Indian and the victim, Jenkins, was not, "the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States" are applicable. 18 U.S.C. § 1152.[3] As the Supreme Court noted when

---

United States v. John, 437 U.S. 634, 635, 98 S.Ct. 2541, 2542 n. 1, 57 L.Ed.2d 489 (1978).

2. In 1975, 18 U.S.C. § 1153 read:

Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

As used in this section, the offenses of rape and assault with intent to commit rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offenses of rape or assault with intent to commit rape upon any female Indian within the Indian country shall be imprisoned at the discretion of the court.

As used in this section, the offenses of burglary, assault with a dangerous weapon, assault resulting in serious bodily injury, and

incest shall be defined and punished in accordance with the laws of the State in which such offense was committed.

In 1975, 18 U.S.C. § 113 read, in part:

Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(a) Assault with intent to commit murder or rape, by imprisonment for not more than twenty years.

Although § 1153 proscribes "assault with intent to kill", and § 113(a) speaks of "assault with intent to commit murder", we are convinced that there is no substantive difference between the two. In any event, no objection was raised to the Judge's charge to the jury. A 1976 amendment to § 1153 changed the language to "assault with intent to commit murder". *See* Indian Crimes Act of 1976, § 2, 90 Stat. 585.

3. Section 1152 does not extend to (1) "offenses committed by one Indian against the person or property of another Indian"; (2) offenses committed by an Indian where the local tribe has punished the offender", and (3) "any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes." None of these exceptions is applicable to this case.

this case was before it, 18 U.S.C. § 113 is "the statute [which specifies] punishment for assaults committed within the special territorial jurisdiction of the United States, including those for which federal prosecutions are authorized by § 1153 . . .." 437 U.S. at 636, 98 S.Ct. at 2542 n. 2.[4]

In 1975, § 113 prescribed punishments for five distinct categories of assault: (1) assault with intent to commit murder or rape; (2) assault with intent to commit any felony, except murder or rape; (3) assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse; (4) assault by striking, beating, or wounding; and (5) simple assault.

Smith John bases his argument upon his reading of 18 U.S.C. § 1153 and *Keeble, supra.* Specifically, he claims that although the trial court was obligated to give the lesser included offense instruction, the federal courts have no jurisdiction over the offense of simple assault; hence the Court could not lawfully impose a sentence for that offense.

For two reasons, we must reject John's argument. First, if 18 U.S.C. § 1152 provides the District Courts with jurisdiction to try Indians accused of crime committed against non-Indians, that jurisdiction is not limited to the major crimes enumerated in 18 U.S.C. § 1153. Second, if 18 U.S.C. § 1153 is the sole jurisdictional base for United States District Courts to try Indians accused of major crimes committed against non-Indians, *Keeble* does not require dismissal in this case.

■ The statutory framework, as developed in 18 U.S.C. §§ 1152 and 1153, makes jurisdiction over crimes committed in Indian country depend upon whether the offender and the victim are Indian or non-Indian.[5] There are thus four possible permutations. First, despite the broad language of § 1152, crimes committed against non-Indians by non-Indians are subject to the jurisdiction of the States. *United States v. McBratney,* 104 U.S. 621, 26 L.Ed. 869 (1881). Second, non-Indians who commit crimes against Indians are subject to federal jurisdiction, and general federal enclave law is applicable. *Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978); 18 U.S.C. § 1152. Third, Indians who commit one of the thirteen major offenses enumerated in § 1153 against other Indians are subject to federal jurisdiction.[6] Fourth, Indians who

**4.** In this language, the Court must have been referring to § 1153 as it is today. In 1975, § 1153 provided that assault with a dangerous weapon, an offense which is also found in 18 U.S.C. § 113(c), was to be defined and punished in accordance with the laws of the State in which the offense was committed. The 1976 amendments to § 1153 have altered that provision, and assault with a dangerous weapon is now defined in accordance with federal law, namely § 113(c).

Smith John was charged with assault with intent to kill, and the prosecution also requested a charge on the lesser included offense of assault with a dangerous weapon. No objection was raised to that charge, and we therefore need not decide whether it should have been defined in accordance with state or federal law and whether it was properly defined.

**5.** This classification based upon race is not violative of due process or equal protection. *United States v. Antelope,* 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977).

**6.** *Keeble* involved such a factual situation, and the Court held that the defendant was entitled to an instruction on the lesser included offense

of assault, even though that offense was not one of the offenses listed in 18 U.S.C. § 1153. *Keeble v. United States, supra. Felicia* also involved a similar fact pattern. The defendant was indicted for assault with intent to inflict great bodily injury upon another Indian, he received the instructions on the lesser included offense of assault, and the jury convicted him of assault. The Eighth Circuit affirmed the judgment of conviction. *Felicia v. United States, supra.*

The Supreme Court has never definitively decided whether § 1153 was intended to pre-empt tribal jurisdiction over the enumerated offenses and has several times expressly withheld judgment on that issue. *See United States v. John,* 437 U.S. 634, 651, 98 S.Ct. 2541, 2550 n. 21, 57 L.Ed.2d 489 (1978); *Oliphant v. Suquamish Indian Tribe,* 435 U.S. 191, 203 n. 14, 98 S.Ct. 1011, 1018, 55 L.Ed.2d 209 (1978); *United States v. Wheeler,* 435 U.S. 313, 325 n. 22, 98 S.Ct. 1079, 1087, 55 L.Ed.2d 303 (1978). Several Courts of Appeals, however, have held that § 1153 was intended to pre-empt tribal jurisdiction over the enumerated offenses. See cases cited in *Oliphant, supra,* 435 U.S. at 203, n. 14, 98 S.Ct. at 1018.

commit crimes against non-Indians are subject to federal jurisdiction, but *the extent of that jurisdiction is what must be decided here.*

It would seem that an offense committed by an Indian against a non-Indian within Indian country is an offense against three different authorities—the Indian tribe, the State in which the Indian country is located, and the United States. Even though such a crime does not injure a member of the Indian tribe, it does disrupt the tranquil life of the tribe and may engender violence and further crime within the confines of the Indian country. Since the tribe certainly has an interest in deterring such conduct and rehabilitating those tribal members who commit such offenses, it would seem as a matter of first principle that the tribe would be able *to punish one of its members* for a crime committed against a non-Indian. Similarly, the State in which the offense occurred has an interest in the maintenance of its domestic tranquility and in the protection of its residents. The State might therefore validly claim a right to punish the offender. Finally, due to the special wardship status of the Indian nations, the federal government may define certain acts committed by Indians against non-Indians as offenses against the United States and provide appropriate punishments. In such circumstances, Congress is vested with the power to allocate jurisdiction among these three authorities.

It is clear that Congress has stripped the States of power to punish Indians for offenses committed against non-Indians in Indian country. *See* 18 U.S.C. §§ 1151–1153. Were it not for the existence of § 1153, it would be equally as clear that Congress

had, by the express provisions of § 1152, intended to give the federal courts jurisdiction over Indians who commit any of the crimes covered by federal enclave law against non-Indians. Section 1153 casts some doubt on the correctness of such a conclusion, because it grants the federal courts jurisdiction over Indians who commit certain major crimes against Indians or other *persons.* Because this language is so express, it could be read as precluding jurisdiction over any but the specified crimes. Under such a reading, an Indian who commits simple assault upon a non-Indian could not be tried in federal court, and the United States would rely upon the tribal courts to vindicate its interests and those of its citizens. In view of the prohibition of simple assault in other federal enclaves, *see* 18 U.S.C. § 113(e), and the implicit non-reliance on the state courts to vindicate the interests of the United States in such federal enclaves, it would seem somewhat anomalous for the United States to rely upon tribal courts for one enclave and to disavow reliance upon state courts for another enclave.

■ We therefore conclude that 18 U.S.C. § 1152 confers jurisdiction on District Courts to try Indians accused of committing any of the acts proscribed by general federal enclave law against the person or property of a non-Indian. We read the language "other person" in § 1153 as merely intended to duplicate the result reached under § 1152, except where the provisions of § 1153 might conflict with some general federal enclave statute, in which case the more explicit provisions of § 1153 control.

We are reenforced in this conclusion by the fact that two other circuits, the Seventh

An Indian who commits one of the enumerated offenses may be tried in federal court for *that crime even though he has been punished* by the tribal court for a lesser included offense arising out of the same transaction. Such a federal prosecution is not barred by the Double Jeopardy Clause of the Fifth Amendment. *Wheeler, supra.* It would seem, however, that if an Indian were punished by a tribal court for a minor offense, if he were then prosecuted for one of the offenses listed in § 1153, were granted instructions on a lesser included offense

under *Keeble* (which was the same offense for which the tribal court punished him), and were then convicted for that lesser included offense, that punishment for that lesser offense would be barred, not by the Double Jeopardy Clause, but by 18 U.S.C. § 1152. We are unaware of any case which has confronted such a factual situation, however. *Cf. United States v. La Plant,* 156 F.Supp. 660 (D.Mont.1957) (information charging assault dismissed because defendant had already been convicted in tribal court).

and Ninth, have reached similar conclusions. *See United States v. Burland,* 9 Cir. 1971, 441 F.2d 1199, *cert. denied,* 404 U.S. 842, 92 S.Ct. 137, 30 L.Ed.2d 77 (1971) (Indian convicted of passing forged checks to non-Indians within Indian country); *United States v. Sosseur,* 7 Cir. 1950, 181 F.2d 873 (Indian convicted of operating slot machines on an Indian reservation in violation of Wisconsin law which was operative by virtue of 18 U.S.C. § 1152 and the Assimilative Crimes Act).[7] In *Sosseur* the Seventh Circuit concluded:

> We think it is clear that unless there is present one of the three conditions provided by § 1152 ¶ 2 to exempt an Indian from liability for offenses under the general laws of the United States to which he is subject by virtue of § 1152 ¶ 1, that section is effective to render him amenable to such general laws, including or as enlarged by the Assimilative Crimes Act. 181 F.2d at 875.

We agree with that reasoning.

■ One problem, remains, however. The indictment charged the defendant with a violation of § 1153 and did not mention § 1152. The indictment also charged a violation of 18 U.S.C. § 113(a), and we think it clear that the indictment asserted jurisdiction under § 1152 as an unstated premise. The indictment sufficiently contained the elements of the offense charged, apprised the defendant of what he must be prepared to meet, and protected him from double jeopardy. *See, e. g., United States v. Baldarrama,* 5 Cir. 1978, 566 F.2d 560. The omission of a reference to § 1152 was harmless beyond a reasonable doubt, and Smith John was not prejudiced by that omission. *See, e. g., United States v. Heath,* 9 Cir. 1974, 509 F.2d 16, 20; *Henry v. United States,* 9 Cir. 1970, 432 F.2d 114, 117–18, *modified on other grounds,* 9 Cir., 434 F.2d 1283, *cert. denied,* 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625 (1971).

■ Having concluded that § 1152 was an appropriate jurisdictional statute in this case, it necessarily follows that the indictment correctly charged the defendant with a violation of a federal enclave statute, 18 U.S.C. § 113(a), and that his subsequent conviction for the lesser included offense of simple assault, proscribed by 18 U.S.C. § 113(e), was also legally unassailable.

■ Alternatively, if jurisdiction over Smith John does not exist by virtue of § 1152, we adopt the reasoning of the Eighth Circuit in *Felicia v. United States, supra,* and hold that the Supreme Court in *Keeble* implicitly recognized that federal courts have jurisdiction to convict and punish for a lesser offense included within the enumerated crimes of § 1153. Mr. Justice Stewart's dissent specifically stated as much:

> Were the petitioner's motion for an instruction on simple assault to be granted, and were a jury to convict on that offense, I should have supposed until the Court's decision today that the conviction could have been set aside for want of jurisdiction.
>
> 412 U.S. at 217, 93 S.Ct. at 2000.

The implicit holding of *Keeble* is that when a major crime is proscribed by § 1153, is defined by reference to either federal enclave or state law, and includes lesser offenses, the Indian offender is charged with knowledge of such laws and may be punished for violations of lesser offenses if the facts are such as to warrant federal prosecutions for major offenses.

The judgment of conviction is therefore

AFFIRMED.

---

**7.** The Assimilative Crimes Act was held applicable to crimes committed by non-Indians against Indians within Indian country in *Williams v. United States,* 327 U.S. 711, 66 S.Ct. 778, 90 L.Ed. 962 (1946). *Williams* therefore did not involve the precise factual situation now before us.

Several commentators have also concluded that § 1152 provides jurisdiction over offenses committed by Indians against non-Indians in Indian country. *See* T. Vollman, *Criminal Jurisdiction in Indian Country; Tribal Sovereignty and Defendants' Rights in Conflict,* 22 Kans.L. Rev. 387, 391 (1974); L. Davis, *Criminal Jurisdiction Over Indian Country in Arizona,* 1 Arizona L.Rev. 62, 71 (1959).