THOMAS E. VAN ROY, District Attorney Sawyer County
You ask whether the State of Wisconsin has jurisdiction to enforce its gambling laws within the boundaries of the Lac Courte Oreilles Reservation. Specifically, you question whether the state may exercise jurisdiction over the operation of blackjack games and slot machines by the Lac Courte Oreilles Tribe or its members on tribally owned land. You note that the state does not exercise control of bingo games on an Indian reservation.
In my opinion, the state does have the authority to enforce its gambling laws with regard to such activities within the reservation without regard to the identity of the individual conducting those activities. In 69 Op. Att'y Gen. 22 (1980) (an opinion primarily concerned with the operation of bingo on Indian reservations), I concluded that the state's criminal statutes relating to gambling are enforceable against Indians under the authority granted by Pub.L. NO. 280 (67 Stat. 558, 28 U.S.C. § 1360,18 U.S.C. § 1162). Under this statute, the state acquired limited civil and general criminal jurisdiction over Indians in "all Indian country within the state except the Menominee Reservation."
I have reviewed the relevant case law and the state and federal statutes that prohibit gambling and related activities on Indian reservations located within Wisconsin. Since Congress has specifically authorized the state to enforce its criminal laws (including those concerning gambling) against tribe members within the Lac Courte Oreilles Reservation, there is nothing to cause me to qualify or change my earlier opinion.
Where the criminal jurisdiction of a state subject to Pub.L. No. 280 has been at issue, the courts have uniformly held that such authority is unqualified. See Bryan v. Itasca Cty.,Minnesota, 426 U.S. 373, 380 (1976). I am not aware, however, of any reported case that has considered specifically whether Pub.L. No. 280 permits enforcement of state anti-gambling laws on reservations. A number of federal court cases have held that state bingo laws are not enforceable because they are civil-regulatory rather than criminal-prohibitory. In my opinion, these cases are distinguishable and only represent *Page 184 
a limited exception to Wisconsin's otherwise unqualified authority to prosecute any Indian subject to Pub.L. No. 280 who violates state anti-gambling statutes.
In Oneida Tribe of Indians of Wis. v. State of Wis.,518 F. Supp. 712 (W.D. Wis. 1981), the court concluded that before 1973 the conduct of bingo was generally considered unauthorized gambling if played for money prizes. The court noted that bingo was effectively decriminalized in 1973 by a constitutional amendment. As a result, the Bingo Control Act, chapter 163, Stats., was classified by the court as a civil-regulatory statute rather than a criminal statute, which means that the state is without authority under Pub.L. No. 280 to enforce provisions of the Bingo Control Act against the Oneida Tribe. The court, however, did not question the state's authority to enforce other gambling laws under its criminal jurisdictional authority over Indians on Indian reservations. Nor did the court consider whether a state's sovereign authority standing alone permits regulation of those Indian activities (including variations on bingo) that have a significant impact on state interests. Seegenerally Rice v. Rehner, 103 S. Ct. 3291 (1983) (state regulatory authority over liquor sales by Indians on Indian reservations upheld).
The question of casino-type gambling by Indians on an Indian reservation was analyzed in detail in United States v. Farris,624 F.2d 890 (9th Cir. 1980). The court noted that in the State of Washington most forms of gambling are proscribed and are therefore against the state's public policy. Although the state's authority to enforce its gambling laws was not at issue, the court noted that the state probably lacked such authority because it had not assumed general criminal jurisdiction over Indians within reservation boundaries pursuant to Pub.L. No. 280. The court concluded that where a state lacks jurisdiction under Pub.L. No. 280 (like Wisconsin's lack of such jurisdiction on the Menominee Reservation), federal gambling laws incorporate by reference state laws that proscribe such activity and are therefore enforceable by the federal government. See also UnitedStates v. Sosseur, 181 F.2d 873 (7th Cir. 1950).
Nothing in the court's analysis in Farris suggests that the federal laws, which are clearly less comprehensive than state laws, were intended to preempt or otherwise qualify state jurisdiction over unauthorized gambling activities. In fact, the court specifically notes *Page 185 
that the federal laws are designed to aid the enforcement of state law, even though such statutes also further independent federal interests.
It therefore is my opinion that the state has unqualified authority to enforce its criminal statutes that proscribe gambling activities such as those you referred to should they occur on the Lac Courte Oreilles Indian Reservation.
BCL:JDN