GRIFFIN, Justice,
for the Court:
I.
The Mississippi Band of Choctaw Indians appeals the judgment of the Harrison County Chancery Court overruling its motion to vacate and set aside a decree of adoption awarding the minor children, “B.B.” and “G.B.”, to appellees, Orrey Cur-tiss Holyfield and Vivian Joan Holyfield. As error appellant assigns two propositions:
1. The trial court should not have exercised jurisdiction over adoption proceedings which, the Band contends, were subject to the exclusive jurisdiction of the Mississippi Band of Choctaw Indians Tribal Court by operation of Federal law; and
2. The trial court erred in not conforming its proceedings to the minimum federal standards under 25 U.S.C.S. § 1901-1923 involving child custody proceedings for Indian children. Said standards govern Indian placements and adoptions by requiring tribal notice, due execution of parental consents, application of mandated placement priorities and adherence to tribal cultural customs.
The chancellor therein determined that the parties to the adoption had complied fully to the extent required by law, and held accordingly in awarding adoption to the Holyfields.
We affirm the lower court’s opinion, and find not only that the chancellor exercised the proper jurisdiction over this action, but also that the lower court kept within the federal guidelines established under the Indian Child Welfare Act.
II.
Twin babies were born to J.B. on December 29,1985, in Gulfport, Harrison County, Mississippi. The children were bom out of wedlock to J.B. and W.J., the putative father, who are both full-blood Choctaw Indians. A petition for adoption was filed on January 16, 1986, by the Holyfields, who were joined in such by the natural mother. A consent to adoption form was executed by J.B. on January 10, 1986. A consent to adoption form and reaffirmation thereof were filed by W.J. on January 11,1986, and June 13, 1986, respectively.
The chancellor issued the decree of adoption on January 28, 1986.
The Mississippi Band of Choctaw Indians (“The Band”) filed a motion to vacate and set aside the final decree of adoption on March 31, 1986.
Affidavits again reaffirming their consent to adoption forms were filed by the natural parents on May 31, 1986, and June 9, 1986. The content of these forms stated specifically that (1) the natural parents reaffirmed their consent to adoption; (2) the adoptive parents to be the Holyfields; (3) the children were bom in Gulfport, Mississippi, and have at no time been on the Choctaw Indian Reservation in Neshoba County, Mississippi; and (4) it is the natural parents’ desire that the children remain in Gulfport and with the Holyfields.
On July 14, 1986, the lower court overruled the Band’s motion and entered its decree on July 30, 1986.
III.
The major concern of this Court in reviewing cases such as the one at bar is a determination of whether the chancellor acted in the best interest of the minor children in his denial of the Band’s petition on the one hand, and his awarding adoption to appellees, the Holyfields, on the other. See Eggleston v. Landrum, 210 Miss. 645, 50 So.2d 364 (1951) (“The welfare of the child is the primary consideration in providing for his adoption”). However, where a jurisdictional problem exists, we cannot ignore it in favor of finding for the welfare of the child, and must act in accordance *920 with the law rather than following what we deem to be purely an equitable solution.
There is no doubt that the area designated for Choctaw Indians residing in Neshoba County, Mississippi, lies within the jurisdiction of the U.S. Government, at least as far as certain federal statutes operate to preclude the exercise of State criminal jurisdiction therein. See, e.g., U.S. v. John, 560 F.2d 1202 (5th Cir.1977), Rev’d 437 U.S. 634, 98 S.Ct. 2541, 57 L.Ed.2d 489 (1978); on Remand, 587 F.2d 683 (5th Cir.1979).
The definition of “Indian Country” is provided in Title 18, § 1151 of the U.S. Code. Within this definition are three categories of land: the one with which we are concerned reads in pertinent part, “All land within the limits of any Indian reservation under the jurisdiction of the U.S. Government, notwithstanding the issuance of any patent.” The area in Neshoba County was declared by Congress in 1939 to be held in trust by the federal government for the benefit of the Mississippi Choctaw Indians. U.S. v. John, supra, at 649, 98 S.Ct. at 2549. The declaration was followed in 1944 by Congressional approval of a constitution and by-laws as adopted by the Band, which also issued a proclamation establishing the reservation at that time. Id.
The constitution and the by-laws under the Choctaw Indian Tribal Code set forth the jurisdiction of the tribe in Mississippi. The Supreme Court, in U.S. v. John, supra at footnote 21, did not consider the question of whether federal law dealing with the Indian pre-empts tribal jurisdiction. However, in the case sub judice the tribal code mirrors the language of the federal government to the extent that no conflict in laws is apparent.
The applicable sections in the federal code dealing with child custody proceedings are 25 U.S.C.S. § 1911(a) and § 1918, which read in part:
§ 1911. Indian tribe jurisdiction over Indian child custody proceedings
(a) Exclusive jurisdiction. An Indian tribe shall have jurisdiction exclusive as to any State over any child custody proceeding involving an Indian child who resides or is domiciled within the reservation of such tribe, except where such jurisdiction is otherwise vested in the State by existing Federal law. Where an Indian child is a ward of a tribal court, the Indian tribe shall retain exclusive jurisdiction, notwithstanding the residence or domicile of the child.
§ 1918. Reassumption of jurisdiction over child custody proceedings
(a) Petition; suitable plan; approval by Secretary. Any Indian tribe which became subject to State jurisdiction pursuant to the provisions of the Act of August 15,1953 (67 Stat. 588), as amended by title IV of the Act of April 11,1968 (82 Stat. 73, 78), or pursuant to any other Federal law, may reassume jurisdiction over child custody proceedings. Before any Indian tribe may reassume jurisdiction over Indian child custody proceedings, such tribe shall present to the Secretary for approval a petition to reas-sume such jurisdiction which includes a suitable plan to exercise such jurisdiction.
The tribal code section addressing jurisdiction in adoption proceedings is § 11-7-5 of the revised constitution and by-laws of the Mississippi Band of Choctaw Indians (1975), article III, which states:
§ 11-7-5 JURISDICTION OVER ADOPTION
THE MISSISSIPPI BAND OF CHOCTAW INDIANS, shall have full original jurisdiction in adoption matters where the person to be adopted is an enrolled member of the TRIBE or eligible for enrollment, and also where the child lives within the RESERVATION or where the case has been transferred back to the CHOCTAW TRIBAL COURT from the State Court.
We surveyed the decisions of various courts faced with a dilemma similar to the one at bar, and found almost uniformly that, in accordance with 25 U.S.C.S. § 1911(d) of the Indian Child Welfare Act, full faith and credit has been given by the states to the acts of any Indian tribe attributable to child custody proceedings. See Native Village of Stevens v. Smith, 770 F.2d 1486 (9th Cir.1985) (the Federal court *921 therein determined that a tribal counsel decision to remove a child from his home and place him under tribal custody, because it was in the best interest of the child, must be given full faith and credit by the State under 25 U.S.C.S. 1911(d).) But see, Re: J.R.S., 690 P.2d 10 (Alaska 1984) (“Distinction is made between adoptive placement and termination of parental rights, and only in the latter does § 1911 support intervention”); State ex rel. Department of Human Services v. Jojola, 99 N.M. 500, 660 P.2d 590 (1983) (“25 U.S.C.S. § 1911(a) is inapplicable to paternity determination and child support enforcement when state is a party and the other party is an Indian.”)
The key language on which the case at bar turns is the requirements that the Indian child reside or be domiciled within the reservation of the tribe. Hence, even if this Court were to concede that the lower court erred in exercising jurisdiction over the adoption proceedings, which it does not, in any event the judge did conform and strictly adhere to the minimum federal standards governing adoption of Indian children with respect to parental consent, notice, service of process, etc.
At no point in time can it be said the twins resided on or were domiciled within the territory set aside for the reservation. Appellant’s argument that living within the womb of their mother qualifies the children’s residency on the reservation may be lauded for its creativity; however, apparently it is unsupported by any law within this state, and will not be addressed at this time due to the far-reaching legal ramifications that would occur were we to follow such a complicated tangential course.
Appellant cites two cases which recognize “the doctrine” that the domicile of minor children follows that of the parents. See Boyle v. Griffin, 84 Miss. 41, 36 So. 141 (1904); and Stubbs v. Stubbs, 211 So.2d 821 (Miss.1968). However, in Stubbs this Court actually held that domicile was determined by physical presence, declaration of intent, and the relevant facts and circumstances, and in Boyle, supra, 84 Miss, at 42, 36 So. 141, the thrust of that case was towards a determination of the inability of the children therein to change their domicile from that of their parents during their minority, and, if the parents changed their domicile, that of the children follows it.
The facts and law as applied in Stubbs and Boyle are clearly distinguishable from the case at bar: the Indian twins have never resided outside of Harrison County, Mississippi, and were voluntarily surrendered and legally abandoned by the natural parents to the adoptive parents, and it is undisputed that the parents went to some efforts to prevent the children from being placed on the reservation as the mother arranged for their birth and adoption in Gulfport Memorial Hospital, Harrison County, Mississippi. The problem of guardianship for minor children in Boyle is nowhere present in this action, nor is the question of change of domicile at issue.
The domicile of B.B. and G.B. has been and continues to be Harrison County, and the court therein exercised proper jurisdiction over the children’s adoption proceedings. And, although these proceedings in the lower court actually escape applicable federal law on Indian Child Welfare for this reason, the chancellor insured that the minimum federal standards would be met in any event when the court chose to exercise jurisdiction. Hence we note the submission of various forms filed by the natural parents affirming and reaffirming their consent to adoption.
There being no merit to either error assigned by the Mississippi Band of Choctaw Indians, the order of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.