**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4040**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

AARON POSLEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge.  (1:08-cr-00295-LO-1)

Submitted:  October 9, 2009          Decided:  November 13, 2009

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Norman K. MOON, United States District Judge for the Western
District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Rachel S.
Martin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL
PUBLIC DEFENDER, Alexandria, Virginia; Richard D. Kelley, REED
SMITH, LLP, Falls Church, Virginia, for Appellant.  Dana J.
Boente, United States Attorney, Inayat Delawala, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, the appellant, Aaron Posley, challenges a special condition of his probation, namely, that he serve a six-month continuous term of imprisonment, which was imposed following his conviction for driving while intoxicated (DUI) on Pentagon property in Arlington, Virginia. For the reasons that follow, we affirm.

I

On February 17, 2008, Officer Jason Cummiskey of the Pentagon Police Department conducted a traffic stop after he observed Posley making an illegal left turn on Pentagon property. During the traffic stop, Officer Cummiskey determined that Posley was intoxicated and arrested him. After his arrest, Posley failed a breath test, which measured his breath alcohol concentration at .225 and .219, almost three times the legal limit.

Posley was cited for numerous traffic violations, but ultimately pled guilty to DUI and driving without an operator's license. His conviction on the instant DUI offense represented his fifth DUI conviction since 1998.

On July 24, 2008, Posley was sentenced by a United States Magistrate Judge. Posley received a $40 fine for his conviction of driving without an operator's license, and that conviction is

not at issue in this appeal. Posley's DUI conviction, 32 C.F.R. § 234.17(c)(1)(ii), was a Class B misdemeanor under federal law, id. § 234.19, also known as a "petty offense." 18 U.S.C. § 19. Class B misdemeanors are punishable by no more than six months' imprisonment, id. §§ 3559(a)(7), 3581(b)(7), are not subject to the imposition of supervised release, id. § 3583(b)(3), and are not subject to application of the Sentencing Guidelines, U.S. Sentencing Guidelines Manual § 1B1.9. The magistrate judge sentenced Posley to two years of probation with several special conditions, including participating in an alcohol education program as directed by the Probation Office. The special condition at issue in this appeal is the one in which the magistrate judge directed that Posley serve "six months in prison." (J.A. 20). According to the magistrate judge:

> I am going to protect the public from you. You are going to kill somebody, but not for a period of six months. I impose the maximum sentence. I hope you get the treatment you need, but it is not going to be at the expense of the public.

Id.

Posley appealed his sentence to the district court. In particular, he challenged his sentence on the basis that the magistrate judge did not order that he serve the six months of imprisonment "during nights, weekends, or other intervals of time," as set forth in 18 U.S.C. § 3563(b)(10), which statutory subsection constitutes one of the twenty-three enumerated

discretionary conditions of probation that a court may impose in addition to certain mandatory conditions.

In response, the government presented two arguments. First, the government argued that 18 U.S.C. § 3561(a)(3) authorized the magistrate judge to impose a six-month continuous term of imprisonment on Posley at the same time he sentenced him to probation. Alternatively, the government argued that 18 U.S.C. § 3563(b)'s catch-all provision, which broadly requires that a defendant "satisfy such other conditions as the court may impose," 18 U.S.C. § 3563(b)(22), authorized the magistrate judge to impose a six-month continuous term of imprisonment as a special condition of probation.

On December 23, 2008, in a memorandum opinion, the district court concluded that the special condition of a six-month continuous term of imprisonment was permitted under § 3563(b)'s catch-all provision. In so concluding, the district court expressly did not reach the § 3561(a)(3) issue.

On January 6, 2009, Posley filed a timely notice of appeal. Two days later, he finished serving his six-month continuous term of imprisonment. Posley currently is serving his two-year term of probation.[*]

---

[*] We note that the present appeal is not moot even though Posley has served the six-month continuous term of imprisonment. Cf. Kitt v. United States, 138 F.2d 842, 843 (4th Cir. 1943) (Continued)

- 4 -

Posley contends that the magistrate judge erred when he imposed as a condition of his probation a six-month continuous term of imprisonment. In so contending, Posley posits that the district court erred in relying on § 3563(b)'s catch-all provision, § 3563(b)(22), to uphold the special condition at issue.

We need not decide whether the district court's reliance on § 3563(b)(22) was in error, as any error here is harmless. Unquestionably, the magistrate judge had the statutory authority under § 3561(a)(3) to sentence Posley to a term of six months of continuous imprisonment plus probation. See id. § 3561(a)(3) ("A defendant who has been found guilty of an offense may be sentenced to a term of probation unless-- . . . (3) the defendant is sentenced at the same time to a term of imprisonment for the same . . . offense that is not a petty offense."). Critically, we do not have an over incarceration problem in this case, because Posley has not served one day of imprisonment over the six-month maximum term of imprisonment for

---

(holding that court of appeals is not limited to striking the excess of a sentence beyond the maximum authorized by statute and allowing valid portion to remain, but could remand the case for an entirely new resentencing where that appeared to be the wiser course).

a DUI offense.  Moreover, there is no indication in the record that Posley's ultimate sentence would have been any different had the magistrate judge believed that he could not have given Posley the six-month continuous term of imprisonment as a special condition of his probation.  Under these circumstances, any error with regard to the catch-all provision is harmless.

## III

For the reasons stated herein, the judgment of the district court is affirmed.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED